[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
This is a quiet title action in which the plaintiffs claim to have acquired title by deed of Francis P. Driscoll and Frank A. Kowal dated September 10, 1958 to certain property in the Town of Montville, Connecticut (hereinafter "the property"). A complaint dated May 11, 1990 alleges in two counts that the defendant, Floor Covering Shop, Inc. (hereinafter "Defendant"), claims a mortgage lien on the property by virtue of a mortgage dated September 28, 1978 securing a promissory note in the original principal amount of $35,000.00 plus interest. The complaint further alleges that the defendant's mortgage is invalid and unenforceable for three claimed reasons:
 1. A judgment of dismissal was rendered in an action to foreclose the defendant's mortgage which is claimed to constitute res judicate barring any subsequent foreclosure action. 2. The foreclosure of a prior mortgage holder, Connecticut Bank Trust Co. extinguished the defendant's interest because the defendant did not redeem in that action, and 3. The defendant's right to sue on the underlying note is barred by the Statute of Limitations, Connecticut General Status Section 52-576.
The plaintiff claims a judgment declaring the defendant's mortgage to be invalid and void, cancelling the mortgage of record and quieting the title to the plaintiff's property.
The defendant filed an answer with the special defenses in which the defendant admits that the plaintiffs are the owner in possession of the property and that they acquired that title in the 1958 deed referred to above. The defendant essentially denies the allegations that relate to the invalidity of its mortgage and as a special defense allege that the defendant did offer to redeem during the Connecticut Bank 
Trust Co. foreclosure but were not permitted the opportunity to because of the plaintiff's prior redemption. This defendant's CT Page 4015 special defense also alleges that the dormancy dismissal of their own previous foreclosure action does not bar the enforcement of the mortgage or constitute res judicata. The defendant then asserts in its special defense that it has a valid and enforceable mortgage on the plaintiffs' property.
An extensive series of admissions were requested and received under of practice book section 238 et seq. relating both to the validity of certain documents hereinafter referred to and most of the factual matters asserted by the plaintiff. Thereafter, the plaintiff filed a motion for summary judgment on February 20, 1991 and in support of the motion filed a memorandum and other documents and affidavits including an affidavit of Sylvan and Anita Katske and the defendant's request for admissions referred to above. In addition, the plaintiff requested the court to take judicial notice of the court file in the case of Connecticut Bank Trust Co. v. Katske, Superior Court Judicial District of New London at Norwich, Docket No. 07 28 21.
Thereafter the defendant on March 8, 1991 filed a memorandum of law and an affidavit opposing the plaintiffs' motion for summary judgment.
The law with regard to summary judgment is not disputed.
Summary judgment should be granted when the documentation demonstrates that there is no genuine issue of material fact remaining for trial and the moving party is entitled to judgment as a matter of law. Bartha v. Waterbury Housewrecking Company, 190 Conn. 8, 11 (1983). Once the moving party sustains the burden of presenting evidence in support of the motion for summary judgment, the opposing must show that a factual dispute does exist. Burns v. Hartford Hospital,192 Conn. 451 (1984). But mere assertions of fact, without evidentiary support in the documentation provided, are not sufficient to defeat a motion for summary judgment id "Material fact" has frequently been defined as a fact that will make a difference in the outcome of the case. Hammer v. Lumberman's Mutual Casualty Company, 214 Conn. 573, 578 (1990); United Oil Company v. Urban Redevelopment Commission, 158 Conn. 364, 379
(1969). The test for whether there is a material fact is whether a party would be entitled to a directed verdict on the same facts. State v. Googin, 200 Conn. 606, 616 (1988).
The purpose of summary judgments is to expeditiously dispose of, without trial, cases involving frivolous or sham issues where no genuine factual issue exists. See Mac's Car Center Inc. v. America National Bank, 205 Conn. 255, 261 (1967). CT Page 4016 The function of the court is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500 (1988).
Inferences to be drawn from underlying facts contained in the evidentiary material must be viewed in a light most favorable to the party in opposition. D.H.R. Construction Co. v.
In this case the only basis pursued in the plaintiff's motion for summary judgment and the accompanying memorandum is the claim that the defendant's mortgage has been rendered invalid by the previous Connecticut Bank Trust Co. foreclosure action. Therefore the other claims with regard to res judicata and statute of limitations are not considered.
The facts appropriate to the disposition of this motion are not substantially in dispute and may be stated as follows.
The plaintiffs are record owners of the property described in the complaint, located in Montville, Connecticut. (Defendants response to Request for Admission of Facts, ("Admission of Facts") No. 1). This property includes their residence where they have lived since 1958.
On September 29, 1978, the plaintiffs signed a promissory note, secured by a mortgage on their property in Montville. According to the language of the note, the plaintiffs promised to pay the defendant thirty-five thousand dollars ($35,000) plus interest within three months of September, 1978. (Admission of Facts, No. 5). The mortgage was recorded at Volume 136, page 615 of the Montville Land Records and was junior in priority to a mortgage held by the Connecticut Bank Trust Co. ("CBT") on the same property. (Admission of Facts, Nos. 2-4).
In February 1983, CBT brought suit against the Katskes to foreclose its mortgage on the property. It named two other defendants in that action: the law firm of Suisman, Shapiro, Wood, Brennan, Gray Faulkner, P.C., the holder of an attachment; and Floor Covering Shop, Inc. (Complaint, Connecticut Bank Trust Co. v. Katske, Docket No. 072821). Floor Covering Shop, Inc. had notice of and appeared in the foreclosure suit. On June 11, 1986, the Norwich Superior Court entered a Judgment of Strict Foreclosure, setting law days of August 4, 1986 for the Katskes; August 5, 1986 for the law firm; and August 6, 1986 for the Floor Covering Shop, Inc. The judgment was reopened several times to extend the law days. In its final modification, the Court extended the law days to December 3, 1989 for the Katskes; December 4, 1989 for the law firm; and December 5, 1989 for Floor Covering Shop, Inc. CT Page 4017 (Defendant's Response to Request for Admission of Documents, ("Admission of Documents"), Nos. 6 and 8) .
As alleged in paragraph 5 of the second count of the plaintiff's complaint, the plaintiffs, after the said judgment, as part of a settlement agreement with the Connecticut Bank 
Trust Co. received a general release dated November 27, 1989 discharging the plaintiffs from all causes of actions, judgments, executions, claims and demands whatsoever in law or in equity, a copy of which was attached to the complaint indicating recordation on the Town of Montville Land Records on November 29, 1989 prior to any of the law days indicated above.
The plaintiffs indicate in their affidavit that as a matter of law their payment of CBT and the receipt of a release of mortgage after the foreclosure judgment but before the law days does not constitute a "redemption". They point out in their argument that no certificate of satisfaction of judgment was indicated by the documentation in this case as having been obtained or filed on the land records. See Connecticut General Statutes Section 49-16, 49-21.
The affidavit of the plaintiffs stated that they did not "redeem" is not a factual statement but the assertion of a legal conclusion which is not accepted by the court.
In their memorandum the plaintiffs claim interestingly that after the law days title vested absolutely in the Connecticut Bank Trust Co. Nevertheless, the plaintiffs claim in their request for admissions and in their complaint that they are the owners in possession of the property and trace their title to a 1958 warranty deed from Francis P. Driscoll and Frank A. Kawal.
With this factual and procedural background it can be seen that the plaintiffs by its complaint and motion for summary judgment appear to be claiming that as a matter of law the defendant's mortgage is invalid and quiet title judgment as against the defendant's mortgage based upon a fairly unique claim:
The plaintiffs claim that by having settled with the Connecticut Bank Trust Co. in the prior foreclosure action in which the defendant was named as a subsequent encumbrance the defendant's interest was wiped out so that they now own the property free from that subsequent encumbrance.
The short answer to this claim is that as a matter of law when the owner of the equity of redemption redeems prior to the law days of the subsequent encumbrances, it acquires title CT Page 4018 free from the mortgage being foreclosed but subject to the subsequent encumbrances.
In this case the court determines as a matter of law that under these circumstances the plaintiffs did in law "redeem" whether or not the subsequent statutory procedure with regard to the recording of a certificate of satisfaction of judgment was followed. By their redemption in the previous CBT action, the plaintiffs here obtained title subject to subsequent encumbrances including the defendant's mortgage. Connecticut Bank Trust Co. after receiving its "settlement" and giving a release of mortgage had no further interest in the property and for all practical purposes in this case the release of mortgage is treated as evidence of a redemption.
Under our law when the owner of the equity of redemption redeems prior to the law days of the subsequent encumbrances, the subsequent encumbrances retain their lien rights on the property. 59 C.J.S., Mortgages, 875.
Therefore there is no substantial issue of material fact in this case and the plaintiff is not entitled to judgment as a matter of law. The motion for summary judgment is denied.
LEUBA, J.