[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant's move for summary judgment as to counts one, two and four on the ground that Statutes 31-284, the exclusivity provision of the Workers' Compensation Act, precludes plaintiff employees' claims.
On December 8, 1989, plaintiff laborers filed an amended complaint against their employer, defendant C.E. Larson Co., Inc. ("Larson"), and defendant The Travelers Insurance Co. ("Travelers"). Counts one, two, and four of the amended CT Page 1029 complaint are presently before the court and sound in intentional tort and fraudulent concealment by the defendants . In count one, plaintiff laborers allege that prior to February, 1985, their employer, defendant contractor Larson, entered in a contract with defendant Travelers for the renovation of the "Travelers Tower." Plaintiffs were employed as laborers for said renovation project from approximately February, 1985 through April, 1986. Plaintiffs allege that defendants,
 with knowledge of the danger of exposing the plaintiffs to airborne asbestos fibers that would result from the removal of asbestos-laden material, intentionally, purposefully and with utter disregard of the consequences that would result, exposed the plaintiffs to asbestos fibers circulating in the work areas known as the Travelers Tower.
Plaintiffs further allege that defendants knowingly violated federal OSHA regulations, citing 29 C.F.R. § 1910-1101 et seq. Plaintiffs allege that as a direct result of defendants' intentional conduct, they have suffered and will suffer emotional distress, present and future monetary losses, and past and future impairment of their occupation.
Count two incorporates all but one paragraph of the first count and further alleges that as a result of defendants' intentional conduct, plaintiffs now suffer "an increase [sic] risk relative to the contraction of a fatal disease . . . which may develop in the future."
Count four incorporates the first count in its entirety and further alleges that defendants have engaged in fraudulent concealment.
On April 12, 1990, defendant Larson filed an answer with special defenses. On May 23, 1990, plaintiffs filed a reply to the special defenses, thereby closing the pleadings between the plaintiffs and defendant Larson.
On June 25, 1990, defendant Larson filed a motion for summary judgment on all counts directed against it. The court (Clark, J.) granted summary judgment as to counts seven, nine, eleven, and thirteen, and denied summary judgment as to counts one, two, and four in a memorandum of decision filed January 18, 1991. In its decision, the court analyzed case law pertaining to defendant's argument that the exclusivity provision of the Workers' Compensation Act bars plaintiffs from suing their employer and held that CT Page 1030
 [b]ecause the defendant has failed to submit affidavits or other evidence regarding its lack of intent to deliberately and intentionally cause injury to plaintiff, it has not met its burden of establishing the absence of a genuine issue of material fact. Because the plaintiffs' claims raise an issue of material fact regarding defendant's intention to cause plaintiffs' injuries which may be inferred from the acts and conduct of defendant coupled with the knowledge of the presence of asbestos, the defendant's motion for summary judgment as to Counts One and four is denied.
(Memorandum of Decision, Clark, J., dated December 27, 1990, p. 8). With respect to count two, the court rejected defendant's argument of speculativeness and denied summary judgment.
On June 27, 1991, pursuant to Practice Book 378 et seq., defendant Larson filed a renewed motion for summary judgment accompanied by a memorandum of law, a supporting affidavit, and a copy of Judge Clark's Memorandum of Decision. Defendant moves for summary judgment as to remaining counts one, two, and four on the previously argued ground that the exclusivity provision of the Workers' Compensation Act bars plaintiffs' claims against their employer, defendant Larson.
On August 29, 1991, plaintiffs filed a memorandum in opposition to defendant's motion for summary judgment accompanied by seven counter-affidavits and other supporting documentary evidence.
A motion for summary judgment shall be granted "`if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990), quoting Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399,402, 528 A.2d 805 (1987); Practice Book 384. The test for deciding whether to grant a motion for summary judgment "is whether a party would be entitled to a directed verdict on the same facts." Connelly v. Housing Authority, 213 Conn. 354,364, 567 A.2d 1212 (1990); see United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 380, 260 A.2d 596
(1969), "[T]he trial court must view the evidence in the light CT Page 1031 most favorable to the nonmoving party." Connell, supra, 246-47. summary judgment "`is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions.'" Batick v. Seymour, 186 Conn. 632, 646-47,443 A.2d 471 (1982), quoting United Oil, supra, 376.
"[I]t is within the trial court's discretion to consider a renewed motion for summary judgment that has previously been denied where . . . additional or new evidence has been submitted which was not before the court in ruling upon the earlier motion for summary judgment." Mac's Car City, Inc. v. American National Bank, 205 Conn. 255, 262, 532 A.2d 1302 (1987). However, the court in Mac's Car City cautioned against "future unnecessary piecemeal litigation brought on by the repeated filing of successive motions for summary judgment." Id.
In the case at bar, the defendant has submitted new evidence in support of its renewed motion for summary judgment. While defendant failed to provide affidavits or other documentation in support of its prior motion for summary judgment, see Memorandum of Decision, p. 4 (Clark, J.), defendant now submits the affidavit of Carl Larson in support of its present motion for summary judgment. Accordingly, it is within the court's discretion to consider defendant's renewed motion. The court chooses to do so.
Defendant argues in its memorandum of law in support of its motion for summary judgment that plaintiffs' claims against their employer are barred by the exclusivity provision of the Connecticut Workers' Compensation Act. Defendant further maintains that the intentional tort exception to the exclusivity provision does not apply in this case because 1) the intentional violation of federal and state regulations is an insufficient basis for bypassing the exclusivity provision, and 2) defendant did not intend to violate any regulation or intend to injure the plaintiffs. (Defendant's Memorandum of Law in Support, p. 3).
Plaintiffs argue in their memorandum in opposition that Plaintiffs' counter-affidavits and supporting documentary evidence demonstrate that a genuine issue of material fact remains as to whether defendant Larson intended to cause the plaintiffs' injuries. (Plaintiffs' Memorandum of Law in Opposition, p. 12). Plaintiffs argue that defendant's knowledge of the existence of asbestos, its knowledge of the consequences of asbestos exposure, and its intent may be "reasonably implied" from the defendant's conduct and the circumstances surrounding this case. CT Page 1032
The court in Mingachos v. CBS, Inc., 196 Conn. 91,491 A.2d 368 (1985), recognized an exception to the exclusivity provision, stating that "[t]o bypass the exclusivity of the [Workers' Compensation] [A]ct, the intentional or deliberate act or conduct alleged must have been designed to cause the injury that resulted." Id., 102. The court elaborated on the intentional injury requirement in a footnote following the above statement: "A result is intended if the act is done for the purpose of accomplishing such a result or with knowledge that to a substantial certainty such a result will ensue.' 1 Harper James, Torts (1956) 3.3, p. 216." Id., 102 n. 13.
Defendant's argument regarding the exclusivity provision was thoroughly considered by the court (Clark, J.) in its December 27, 1990 Memorandum of Decision. The court considered the cases of Mingachos v. CBS, Inc., supra, and Nolan v. Borkowski, 206 Conn. 495, 538 A.2d 1031 (1988), and held that defendant failed to satisfy its burden of showing that no genuine issues of material fact remained. Defendant now submits new evidence in the form of an affidavit by Carl Larson, President of defendant C.E. Larson, Co., to support its present motion for summary judgment. In his affidavit, Mr. Larson denies any intent to injure the plaintiffs. (Affidavit of Carl Larson, p. 2. pars. 9-11). However, despite defendant's submission of a supporting affidavit, defendant still fails to satisfy its burden. The plaintiffs, through their counter-affidavits and other supporting documentary evidence, have demonstrated that a genuine issue of material fact still remains as to whether defendant intended to cause the plaintiffs' injuries. Accordingly, defendant's renewed motion for summary judgment as to counts one, two, and four is denied.
HENNESSEY, JUDGE