[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT BY PLAINTIFFS
This case came originally to the court on the basis of an action by the estate of George A. Jennings and his children, George Jennings, Lila Michon and James M. Jennings requesting a declaratory judgment and an injunction relating to whether or not the restrictions as to recreational use contained in a Deed of Real Property have been removed by virtue of the language of the deed and subsequent transactions and, if not, whether the defendant Stewart Nelkin should be enjoined from using the particular premises for other than recreational purposes.
Stewart Nelkin is claimed to be the present owner of the property and Nicola Fatone and JPA Investments were included as additional defendants by reason of their alleged interest and mortgages or options relating to the property.
After various pleadings which appear of record, the plaintiff, on May 21, 1992, filed a Motion for Summary Judgment alleging that there is no genuine issue as to any material fact in the complaint. In support of the motion affidavits, depositions and various documents, deeds and CT Page 7647 certificates were filed. Thereafter on July 10, 1992, the defendant, Stewart Nelkin, filed an objection to the Motion for Summary Judgment, and in support of his objection filed an affidavit of said defendant and a Memorandum of Law. The matter then came up on the short calendar at which time the parties requested the court to decide the matter without oral argument.
The purpose of summary judgments is to expeditiously dispose of, without trial, cases involving frivolous or sham issues or when no genuine factual; issue exists. See Mac's Car City, Inc. v. American National Bank, 205 Conn. 255, 261
(1967).
The function of the court is not to decide issues of material fact, but rather to determine whether any such issue exists. Nolan v. Borkowski, 206 Conn. 495, 500 (1988). The standard applicable to granting of summary judgment as a matter of law is the same as that applied to the granting of a directed verdict. The movant must show that "it is quite clear what the truth is and that excludes any real doubt as to the existence of any genuine issues of material fact." State v. Goggin, 208 Conn. 606, 616 (1988). The motion must be denied when there is room for conflicting interferences. See United Oil Company v. Urban Redevelopment Commission, 158 Conn. 364, 379
(1969). Inferences which are to be drawn from underlying facts contained in the evidentiary material provided must be viewed in a light most favorable to the party in opposition. D.H.R. Construction Co. v. Donnelley, 180 Conn. 430, 434 (1980). The plaintiff in this case carries the burden of demonstrating absence of issues of material fact. Nolan v. Borkowski206 Conn. 495, 500 (1988).
Summary judgments are generally inapplicable to actions where inferences which the parties seek to have drawn deal with questions of intent, motive and subjective feelings. See State v. Goggin, 208 Conn. 606, 619-20 (1988); Batick v. Seymour,186 Conn. 632, 646-47 (1982).
In this case the plaintiffs are attempting to enforce the restrictions contained originally in a deed from George A. Jennings to the Midget Football League of Norwich, Inc. relating to a 5.77 acre parcel of land on Hamilton Avenue in Norwich, Connecticut. The deed contained the reservation of a restriction which says in part that the property is to be "used for recreational purposes only . . . In case title to the above described premises shall become absolute in the Norwich Savings Society as a result of the foreclosure of the mortgage in its favor, of even date herewith securing the Grantee's note, then and in that even, the above mentioned restrictions shall CT Page 7648 terminate."
The various documents included with the motion suggest that in fact the title did become absolute in the Norwich Savings Society (hereinafter "the bank") as a result of a foreclosure of the mortgage mentioned. The defendant, Stewart Nelkin, acquired title thereafter from the bank.
The certificate of foreclosure by which title was acquired by the bank in fact suggested that the restrictions were ". . . of no force and effect by virtue of the vesting of title in the Norwich Savings Society by this foreclosure."
The deposition of Stewart Nelkin, taken on June 15, 1990, sets forth the fact that before the foreclosure the defendant, Stewart Nelkin, (present owner) discussed with the bank the elimination of the restrictions by the use of the foreclosure proceedings and the subsequent transfer to Nelkin free of the restrictions.
The plaintiff claims this was a "friendly foreclosure" not for the purpose of securing the bank's ability to get paid but for the sole purpose of eliminating the restrictions.
The affidavit of George Jennings submitted by the plaintiff with the motion in paragraph 7e suggests that his father's intent at the time of his deed was that the restrictions only be terminated in case the Norwich Savings Society had to foreclose to protect their right to be paid.
The plaintiff argues that the alleged "friendly foreclosure" in equity should not be permitted to be used as a device to free the property from the restrictions prematurely if the foreclosure was not pursued for the purposes which the original grantor had intended. Or, to put it another way, the word "foreclosure" in the deed should be interpreted by a court of equity to mean only a foreclosure which was necessary to collect the debt.
The parties do not bring to the court's attention any case dealing with a similar situation, but the plaintiff urges on the court that the term "foreclosure" in the restriction should be defined by the court to in such a way as to limit it to a foreclosure utilized in the normal manner, for the normal purposes, and specifically excluding a "friendly foreclosure" as described above.
The defendant on the other hand makes two claims. First, that the property is not now being used for any use other than recreational purposes and therefore the motion should be CT Page 7649 denied as premature. Secondly, the defendant, Stewart Nelkin, claims that according to the express and cleared terms of the deed the title has properly vested in the Norwich Savings Society by the foreclosure and, therefore, the restrictions are terminated.
In a supplemental Memorandum of Law the plaintiffs respond to the defendants first argument by pointing out that the deposition filed in connection with the Motion for Summary Judgment makes clear the intentions of the defendant, Stewart Nelkin, to dispose of the property for commercial purposes free of the restrictions and, therefore, there is a threatened violation of the restrictions which is sufficient to justify a judgment at this time.
After giving consideration to these arguments the Motion for Summary Judgment is denied for the reason that the court finds the intention of the grantor, George A. Jennings, at the time of signing the deed in question is a material fact in issue which makes this case inappropriate for summary judgment in accordance with the law set forth above. The plaintiffs themselves claim that the intention of George A. Jennings is an important fact by virtue of submitting an affidavit with their motion reciting the same. The affidavit of George Jennings in paragraph 7e refer; to his father's intentions when the restriction was included in the deed. The law is also clear that the construction of language used in the deed must be done ". . . in light of the intention of the parties . . . the circumstances, the motives of the parties and the purposes they sort to accomplish . . ." Saphir v. Neustadt, 177 Conn. 191 (1979).
The Motion for Summary Judgment is denied.
Leuba, J.