[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
The defendant, Town of Windham, is a Connecticut municipal corporation which is responsible for the employment of subcontractors to perform the function of collection and disposal of solid waste. The plaintiff, F.E. Crandall Disposal, Inc., is a Connecticut corporation engaged in the business of the collection and disposal of solid waste and recycleables.
On or before June 1994, the defendant solicited the submission of bids for the collection and disposal of solid waste and recycleables within the Town of Windham. The plaintiff submitted a bid in response to the defendant's bid invitation. The defendant rejected the plaintiff's bid although it was the successful bidder as such term was defined by the defendant in its "Project Manual." The Project Manual defined "successful bidder" as "the lowest, responsible, and responsive Bidder to whom Owner on the basis of Owner's evaluation makes an award."
The plaintiff filed a complaint on February 22, 1995 alleging that it was wrongfully denied the work to which it was entitled by reason of its being the successful bidder. The defendant filed a motion for summary judgment on April 29, 1997, moving on the ground that the plaintiff lacked standing to bring the aforementioned complaint because it failed to allege facts which would constitute fraud, corruption or lack of integrity in the bidding process.
Per order of the Court, Handy, J., dated June 18, 1997, the defendant's motion for summary judgment was denied on the grounds that genuine issues of fact existed. The court held: "[a]s to the issue of standing, motion for summary judgment is denied. Whether or not the defendant's failure to award plaintiff the CT Page 14897 contract when bid language indicates contract will be awarded to lowest bidder constitutes fraud or corruption is a matter of fact for the trier of fact."
The defendant subsequently filed a motion to strike the plaintiff's complaint moving on substantially the same grounds as those set forth in its motion for summary judgment. The Court, Handy, J., per order of June 22, 1998, denied the motion holding that, "[the] prior ruling is the law of the case, which this court feels was correctly decided."
The defendant filed a motion to dismiss on September 11, 1998, moving on the ground that the court lacked subject matter jurisdiction based on the plaintiff's lack of standing. In addition to the arguments raised in its motion for summary judgment and motion to strike, the defendant argued that as a rejected bidder, the plaintiff could only seek an injunction, not monetary damages. On September 30, 1998, the plaintiff filed an objection to the defendant's motion to dismiss and a memorandum of law in support.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "[A] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action."Pratt v. Old Saybrook, 225 Conn. 177, 185, 621 A.2d 1322 (1993). "[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v. Aronson,214 Conn. 256, 264, 571 A.2d 696 (1990). "The motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Internal quotation marks omitted.) Malasky v. MetalProducts Corp., 44 Conn. App. 446, 452, 689 A.2d 1145 (1997).
"The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked." (Internal quotation marks omitted.) Rosenblit v. Danaher, 206 Conn. 125,132, 537 A.2d 145 (1988). "In essence it expresses the practice of judges generally to refuse to reopen what has been decided and it is not a limitation on their power. . . . Where a matter has CT Page 14898 previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance. . . . A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge." (Citations omitted.) Breen v. Phelps,186 Conn. 86, 99, 439 A.2d 1066 (1982)."
The plaintiff argues that the prior ruling of the court, which addressed the issue of standing, serves to bar the present action under the "law of the case" doctrine. In opposition, the defendant argues that the law of the case doctrine should not apply where the court's previous ruling is on a different motion involving a different standard of review.
In support of its position, the defendant cites to cases where the court elected to decide the issue before it de novo, rather than treat a prior ruling as the law of the case. The decisions cited by the defendant, however, are factually distinguishable from the case at hand.
Unlike Krajewski v. Area Cooperative Educational Serv., Superior Court, judicial district of New Haven at New Haven, Docket No. 374594 (July 31, 1988, Levin, J.), where the court determined that the prior ruling of the court was incorrectly decided, this court decided on a motion to strike that its prior holding as to the issue of standing was correct.
Also distinguishable is the existence of new overriding evidence not previously before the court. See Mac's Car City, Inc.v. American National Bank, 205 Conn. 255, 532 A.2d 1302 (1987). Here, the defendant provided the court with no new factual basis for the reconsideration of its standing issue other than its claim regarding an improper prayer for relief. Yet, the appropriate manner to attack the legal sufficiency of a prayer for relief is by a motion to strike rather than by a motion to dismiss. Practice Book § 10-39 (formerly § 152), see alsoKavarco v. T.J.E., 2 Conn. App. 294, 298 n. 4, 478 A.2d 257
(1984). The primary difference between raising the issue in a motion to strike as opposed to a motion to dismiss is that only in the former case does the plaintiff have the opportunity to amend its complaint. Practice Book § 10-44 (formerly § 157). CT Page 14899
Finally, in the cases cited by the defendant, the court was presented with a pleading which either permitted a broader scope of review than the previous motion, or limited the court's review to the allegations contained in that pleading. See McCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 590 A.2d 438 (1991) (contrary to a motion to dissolve a prejudgment attachment a motion to dismiss requires a full review on the merits); Drahan v. RegionalSchool District, Superior Court, judicial district of New London at New London, Docket No. 523352, (July 7, 1993, Hurley, J.) (conclusions reached in a prior motion to dismiss cannot be considered by the court in a motion to strike which must rely wholly upon the factual allegations of the pleadings).
In the present case, the issue of standing received a full review on the merits in a prior motion for summary judgment. In deciding the motion for summary judgment, the court was bound to consider the factual allegations presented by the parties as well as all supporting documentation which would be admissible at trial. See Practice Book § 17-46 (formerly § 381). The conclusions reached by the court in these previous motions are properly considered in a motion to dismiss which invokes any record that accompanies the motion.
Although a court is not obligated to follow the law of the case, it may do so when it feels the issue presented was correctly decided. This court finds that the prior motion for summary judgment which spoke to the issue of standing was correctly decided, and therefore, serves as the law of the case. Accordingly, the defendant's motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction is denied.
Martin, J.