### MAC'S CAR CITY, INC. *v.* AMERICAN NATIONAL BANK ET AL.
### (13103)

PETERS, C. J., SHEA, CALLAHAN, COVELLO and HULL, Js.

Argued September 30—decision released November 10, 1987

*John V. Zisk,* for the appellant (plaintiff).

*Rachel L. Cavell,* for the appellee (named defendant).

CALLAHAN, J. The plaintiff, Mac's Car City, Inc. (Mac's Car City), filed this appeal from the judgment of the trial court, *Wagner, J.,* granting the named defendant's renewed motion for summary judgment dated January 7, 1986, thus disposing of the plaintiff's action. The sole issue presented by this appeal is whether a party may renew a motion for summary judgment previously denied by another trial judge on the ground that the initial motion for summary judgment lacked sufficient supporting documentation.

The facts relevant to this appeal are undisputed. In April, 1980, Mac's Car City executed a promissory note in the amount of $18,000 to the American National Bank (bank) that was due and payable on July 7, 1980. Mac's Car City defaulted on the note and the bank instituted a collection action accompanied by an application for an order of attachment in the amount of $29,000. On July 28, 1980, the bank's application for an order of attachment was granted by the trial court, *Smith, J.* On August 6, 1980, Mac's Car City filed an appearance in the action but failed to file an answer or to move to vacate, reduce or modify the order of attachment. On October 14, 1980, the court, *Mancini, J.,* granted the bank's motion for default for Mac's Car City's failure to plead, and thereafter, rendered judgment upon the default and awarded the bank damages in the

amount of $22,765.75. *American National Bank* v. *Mac's Car City, Inc.,* Superior Court, judicial district of New Haven, Docket No. 184290 (October 14, 1980). Mac's Car City paid the damages in full on December 8, 1980.

Thereafter, on July 21, 1983, Mac's Car City brought this action against the American National Bank and Paul V. Orcutt, who had been the senior vice president of the bank in 1980. The complaint alleged that on July 22, 1980, the bank, through its authorized agent Orcutt, orally agreed to renew the promissory note for an additional ninety days at the option of the plaintiff. It is further alleged that the plaintiff exercised this option and paid the bank $667 in interest for the renewal period. Count one of the complaint alleged that the bank's institution of the 1980 collection action amounted to a groundless or vexatious suit in violation of General Statutes § 52-568.[1] Count two of the complaint sought damages for the breach of the alleged oral contract to renew the promissory note.

On May 23, 1985, the bank moved for summary judgment on both counts arguing that the first count was barred as a matter of law because the prior suit had not terminated in the plaintiff's favor, and that the second count was barred by the doctrine of res judicata. Orcutt also filed a motion for summary judgment. The trial court, *O'Neill, J.,* granted the motion for summary judgment as to Orcutt on both counts but granted the motion as to the bank on the first count only. As to count two, the trial court noted that "the court does not have the facts of that 'suit' before it and, thus,

---

[1] "[General Statutes (Rev. to 1983)] Sec. 52-568. TREBLE DAMAGES FOR VEXATIOUS SUIT. Any person who commences and prosecutes any civil action or complaint against another, in his own name, or the name of others, without probable cause, and with a malicious intent unjustly to vex and trouble him, shall pay him treble damages."

cannot grant the motion."[2] Thereafter, the bank filed a renewed motion for summary judgment dated January 7, 1986, and attached copies of the relevant pleadings from the 1980 collection action, the notice of the entry of judgment upon default, the satisfaction of judgment, a memorandum of law and the affidavit of attorney Rachel L. Cavell which attested to the authenticity of the prior pleadings. The renewed motion for summary judgment was heard by the court, *Wagner, J.,* which held that "the 1980 default judgment is res judicata with respect to the present action and that [the bank's] motion for summary judgment should be granted."

The plaintiff argues that the trial court erred in granting the renewed motion for summary judgment because there is no authority in Connecticut case law or the rules of practice for the filing of successive motions for summary judgment. Additionally, the plaintiff argues that the prior denial of the motion by Judge O'Neill established the "law of the case," and precludes a subsequent determination of the same issue by another trial judge. We disagree.

Neither party cites the case of *Barnes* v. *Schlein,* 192 Conn. 732, 473 A.2d 1221 (1984), which is dispositive of the claims raised by the plaintiff. In *Barnes,* the plaintiff was injured after having fallen and was taken to Park City Hospital where she was treated by the defendant, an orthopedic surgeon. The plaintiff alleged that the defendant negligently treated her and caused her to undergo further surgery and suffer extreme pain and suffering. Id., 733. In *Barnes,* the defendant filed a motion for summary judgment on February 14, 1978,

---

[2] It is clear from the court's memorandum of decision that it did not address the substantive merits of the bank's res judicata claim. Rather, the court indicated that it could not address the merits because it did not have the facts of the 1980 collection action before it in order to address the res judicata issues.

on the ground that the action was barred by the statute of limitations set forth in General Statutes § 52-584.[3] The motion was denied by the trial court, *Ford, J.*, on October 20, 1978. Approximately three and one-half years later the defendant refiled the identical motion for summary judgment. The court, *Jacobson, J.*, granted the motion on October 4, 1982.[4] On appeal, the plaintiff claimed that the trial court erred in granting the motion because "a prior motion for summary judgment had been denied, thus establishing the law of the case." Id. This court disagreed with the plaintiff's claim in *Barnes* and held: " 'The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked. See 18 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4478.' *Breen* v. *Phelps,* 186 Conn. 86, 99, 439 A.2d 1066 (1982). We have declared that, although a judge should not lightly depart from a prior ruling on a motion before the same or a different judge, the prior ruling is not binding." Id., 734. In *Barnes,* this court went on to consider the substantive merits of the summary

---

[3] "[General Statutes] Sec. 52-584. LIMITATION OF ACTION FOR INJURY TO PERSON OR PROPERTY. No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

[4] The specific wording of both motions for summary judgment was identical, although it is not clear from the record and briefs whether the supporting memoranda and documents were also the same or whether additional evidence was submitted with the second motion. What is clear is that the defendant submitted his own affidavit and portions of the plaintiff's deposition in suppport of the second motion for summary judgment. *Barnes* v. *Schlein,* 192 Conn. 732, 736–37, 473 A.2d 1221 (1984).

judgment rendered by the trial court. We need not do so, however, for the plaintiff conceded at oral argument that there is no quarrel with the merits of the judgment entered, but only with the procedural problem presented. Additionally, the plaintiff has not briefed the issue of res judicata in this appeal.

It must also be noted that prior to ruling on the merits of the bank's renewed motion for summary judgment, the trial court addressed the propriety of refiling a summary judgment motion that had been previously denied. The court found nothing in our rules of practice that prohibited the refiling and looked to the federal rules for guidance. Although the federal rules of civil procedure and the federal court's interpretations thereon are not binding upon the state courts, this court has repeatedly noted the substantial similarity between the federal and Connecticut summary judgment procedures and has often relied upon federal rules and case law for guidance. See *Farrell* v. *Farrell,* 182 Conn. 34, 38–39, 438 A.2d 415 (1980); *D.H.R. Construction Co.* v. *Donnelly,* 180 Conn. 430, 434, 429 A.2d 908 (1980); *Plouffe* v. *New York, N.H. & H. R. Co.,* 160 Conn. 482, 487, 280 A.2d 359 (1971); *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 376, 270 A.2d 596 (1969); 1 E. Stephenson, Connecticut Civil Procedure (2d Ed.) § 162 (b), p. 646. Relying upon rules 54 (b)[5]

---

[5] Rule 54 (b) of the Federal Rules of Civil Procedure provides: "JUDGMENT UPON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

and 56 (f)[6] of the Federal Rules of Civil Procedure, the federal courts have held that it is not an abuse of discretion or a violation of the doctrine of the "law of the case" for a trial judge to reconsider a motion for summary judgment that has previously been denied, particularly where new evidence has been presented which was not before the court at the time of the original motion, or a clarification of the law has since occurred. See *Jones* v. *Wike*, 654 F.2d 1129, 1130 (5th Cir. 1981); *Lindsey* v. *Dayton-Hudson Corporation*, 592 F.2d 1118, 1121 (10th Cir. 1979); *Kirby* v. *P.R. Mollory & Co.*, 489 F.2d 904, 913 (7th Cir. 1973); *Allstate Finance Corporation* v. *Zimmerman*, 296 F.2d 797, 799 (5th Cir. 1961); *Kenyatta* v. *Moore*, 623 F. Sup. 220, 222–23 (S.D. Miss. 1985); *Rosenberg* v. *American Bowling Congress*, 589 F. Sup. 547, 549–50 (M.D. Fla. 1984); *Shearer* v. *Homestake Mining Co.*, 557 F. Sup. 549 (D.S.D. 1983), aff'd, 727 F.2d 707, 709 (8th Cir. 1984); *Advanced Hydraulics, Inc.* v. *Eaton Corporation*, 415 F. Sup. 283, 284 (N.D. Ill. 1976).

The summary judgment procedure " 'is "designed to eliminate the delay and expense incident to a trial where there is no real issue to be tried. . . ." ' " *Kakadelis* v. *DeFabritis*, 191 Conn. 276, 281, 464 A.2d 57 (1983); *Dowling* v. *Kielak*, 160 Conn. 14, 16, 273 A.2d 716 (1970); *Dorazio* v. *M.B. Foster Electric Co.*, 157 Conn. 226, 228, 253 A.2d 22 (1968). It "is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial." *Town Bank & Trust Co.* v. *Benson*, 176 Conn. 304, 306–307,

---

[6] Rule 56 (f) of the Federal Rules of Civil Procedure provides: "WHEN AFFIDAVITS ARE UNAVAILABLE

"Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

407 A.2d 971 (1978); *Plouffe* v. *New York, N.H. & H. R. Co.*, supra, 487; *United Oil Co.* v. *Urban Redevelopment Commission*, supra, 375. Accordingly, we hold that it is within the trial court's discretion to consider a renewed motion for summary judgment that has previously been denied where, as here, additional or new evidence has been submitted which was not before the court in ruling upon the earlier motion for summary judgment. See 73 Am. Jur. 2d 733, Summary Judgment § 12. We must caution, however, that our holding today should not be construed to condone future unnecessary piecemeal litigation brought on by the repeated filing of successive motions for summary judgment.

There is no error.

In this opinion the other justices concurred.