[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION FOR SUMMARY JUDGMENT
Defendant Burns Construction Company (hereafter Burns) has filed a Motion for Summary Judgment which asserts that it is not responsible for the injuries sustained by the plaintiff on September 7, 1986 when the plaintiff's automobile collided with a manhole allegedly left in a dangerous condition during road construction and/or repair work on Wordin Avenue in Bridgeport, Connecticut. The plaintiff's complaint alleges that defendant Burns and defendant Julian Construction Company created and maintained said dangerous condition which proximately caused him to suffer vehicular injuries and consequent damages.
Defendant Burns has submitted an affidavit together with corroborating documentation supporting its position that said defendant commenced and completed its work on Wordin Avenue between the dates of September 16, 1986 and September 26, 1986 and accordingly is not responsible for plaintiff's injuries and damages. The plaintiff has not presented affidavits or documents in opposition to defendant Burns' position.
Delay and expense incident to trial can be avoided where there is no genuine issue of material fact to be tried. Mac's Car City, Inc. v. American National Bank, 205 Conn. 255,261 (1987). Certainly, "[a] trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law." [citation omitted.] Daily v. New Britain Machine Co., 200 Conn. 562, 568 (1986).
Inasmuch as the record does not present a genuine issue of material fact concerning the liability of defendant Burns for plaintiff's injuries and damages, defendant Burns' motion for summary judgment is granted. CT Page 2696
CLARANCE J. JONES, JUDGE