[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is a negligence action wherein the plaintiff claims damages resulting from a fall on the City of Hartford property known as the Civic Center. The accident occurred on May 20, 1989 at about 7:30 p. m. The plaintiff, while attending a circus performance held at the Civic Center, fell while she was leaving the auditorium area.
The plaintiff brought suit by writ, summons, and complaint, served upon the City of Hartford and on Ringling Bros. Barnum Bailey Combined Show, Inc., on May 29, 1991, more than two years from the date of the incident. CT Page 8807
The defendants move for a summary judgment claiming that the plaintiff did not bring the action within the period of time as allowed in our statute of limitation, C.G.S. sec. 52-584.
The plaintiff claims that although she injured her right knee, right ankle, and leg, right shoulder, and her back, as well as a shock to her nervous system on May 20, 1989, nevertheless, the plaintiff suffered severe damage to her left knee which was not ascertainable until October 31, 1989.
The plaintiff recites, in her affidavit to her memorandum in opposition to defendants' motion for summary judgment, that, as a result of the initial injuries to her right knee, she was forced to favor her left side. As a result of favoring her left side, plaintiff claims that she injured her left knee. However, plaintiff claims that she was unaware of the injury to her left knee until October of 1989.
A motion for summary judgment may be made provided the pleadings are closed C.P.B. sec. 379. In this case, the defendants filed their motion for summary judgment prior to the closing of the pleadings, no answer being filed.
The issue raised by the defendants in the summary judgment motion is that the time to having this action within the time limits of C.G.S. sec. 52-584
has expired, and therefore the plaintiff is precluded from bringing this action.
The plaintiff filed a memorandum of law, and the plaintiff's affidavit in opposition to the motion for summary judgment.
Plaintiff's argument in her memorandum of law is not that the pleadings are still open, but, that there are material issues of fact in dispute between the parties.
The plaintiff claims that the disputed issue of fact is when did the plaintiff know or reasonably should have known of the injury to her left knee. Plaintiff claims that the discovering of the injury to her left knee in October of 1989 saves this action from the effects of the 2 year statute of limitation. We disagree. CT Page 8808
Although C.P.B. sec. 379 requires pleadings to be closed prior to filing a motion for summary judgment, this rule can be waived. Avis Rent-A-Car System, Inc. v. Crown High Corp., 165 Conn. 608, 614 (1973). In this action, plaintiff has not claimed that the pleadings should be closed before filing the motion for summary judgment. Instead, the plaintiff filed a memorandum in opposition to the motion and filed an affidavit in support of her memorandum in opposition to the motion. The plaintiff cannot contest the merits of the motion for summary judgment and later claims that a procedural defect prevents the motion from being considered. "Summary judgment procedure is designed to eliminate the delay and expense incident to a trial where there is no real issue to be tried . . ." (citation omitted) Mac's Car City, Inc. v. American National Bank, 205 Conn. 255, 261 (1987).
The plaintiff's argument that the injury to the left knee is a new injury assumes that the claimed negligence of the defendants caused the injury. See C.G.S. 52-584 which provides that the injury must be caused by the negligence of another. Injury, as defined in C.G.S. see. 52-584, occurs when a person has suffered actionable harm. Catz v. Rubenstein,201 Conn. 39, 43 (1986). Actionable harm has two elements, breach of a duty, and a causal connection between the defendant's breach of duty and the resulting harm. Id at p. 44.
According to the plaintiff's own affidavit, attached to her memorandum in opposition to the motion for summary judgment, the cause of her injury to her left knee was caused by the injury to the right knee. The claimed negligence causing the injury to the left knee must relate back to the alleged negligence to the right knee. Id.
The issue in this case is not when the plaintiff knew or should have known of the injury to her left knee, but rather, what was the proximate cause of the plaintiff's injury to her left knee. Clearly, plaintiff put this issue to rest in her affidavit when she stated: "As a result of the initial injuries to my right side, I was forced to favor my left side. As a result of favoring my left side, and thus forcing my left knee to bear most of my weight, severe damage was caused to my left knee."
The actionable harm caused to the plaintiff by the CT Page 8809 alleged negligence of the defendants, occurred when she fell on the defendants' property on May 20, 1989. The two year statute of limitation of C.G.S. sec.52-584 ran from this date not from any later date.
Accordingly, defendants' motion for summary judgment is granted.
ARNOLD W. ARONSON, JUDGE