[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present case involves the foreclosure of a mortgage allegedly given by the defendants, Helen Martin-Trigona and George Martin-Trigona, to one Edward Kanbar, which the plaintiff Anthony Martin now claims to own. The plaintiff originally filed a motion for partial summary judgment on the issue of liability on September 12, 1992, supported by his complaint and an affidavit from Kanbar. The defendants opposed this motion with a memorandum in opposition, supported by affidavits from Linda MacPherson and George Martin-Trigona, as well as a chain of deeds from Erene Marcoux to Helen Martin-Trigona, from Helen Martin-Trigona to George Martin-Trigona, and finally from George Martin-Trigona to Guy R. MacPherson and Linda F. MacPherson. The plaintiff's original motion was denied.
The plaintiff has now renewed his motion for summary judgment again based on the pleadings, but supplemented this time with a deposition transcript of Edward Kanbar. The defendants assert that a genuine issue of fact still remains with respect to the validity of the mortgage sought to be foreclosed, the validity of the note secured by it, the validity of an alleged release of that mortgage, and as to whether the note and mortgage were in default. The plaintiff again relies on its previous filings with this court to oppose the present "renewed" motion for summary judgment.
"The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material CT Page 5823 facts, which, under applicable principles of substantive law. entitle him to judgment as a matter of law." (Citations omitted.)State v. Goggin, 208 Conn. 606, 615, 546 A.2d 250 (1988). "It is within the trial court's discretion to consider a renewed motion for summary judgment that has previously been denied where . . . additional or new evidence has been submitted which was not before the court in ruling upon the earlier motion for summary judgment." Mac's Car City, Inc. v. American National Bank,205 Conn. 255, 262, 532 A.2d 1302 (1987). Although the plaintiff has provided an additional document purporting to be a deposition transcript of Edward Kanbar, this additional evidence does not persuade the court that the issue of liability has been resolved as a matter of law.
"To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents. Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 317, 477 A.2d 1005 (1984). The defendants have provided sufficient evidence in rebuttal to persuade this court that genuine issues of fact still remain. This is clearly a situation which will involve the characterization of both parties' evidence by the trier of fact. The renewed motion for summary judgment is therefore denied.
JOHN WALSH, J.