[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS NO. 214
On March 14, 1991, the plaintiff, Richard Crafts, filed a one count complaint alleging the following facts against the defendant, David Simpson Rodgers, III.
The plaintiff alleges that Rodgers filed a mechanic's lien with the Newtown town clerk for the amount of $14,000 against real property located at 5 Newfield Lane in Newtown, Connecticut. The plaintiff and the estate of Helle Crafts, with Karen Carter Crafts Rodgers as executrix, are owners of this real estate. According to the plaintiff, the mechanic's lien was discharged on September 24, 1990.
The plaintiff alleges that Rodgers filed the mechanics' lien with no other purpose but to vex and harass the plaintiff in violation of General Statutes § 52-568. The plaintiff also alleges that Rodgers maliciously issued a false statement to the Newtown town clerk in violation of General Statutes §53a-157b. According to the plaintiff, Rodgers' actions destroyed the marketability of the real estate's title causing the plaintiff to incur various damages.
On July 23, 1996, the defendant filed a motion to dismiss the plaintiff's action on the ground that the court lacks subject matter jurisdiction over the plaintiff's case. In support of the motion, the defendant argues that the plaintiff has failed to allege and prove all of the requisite elements of a cause of action under § 52-568. Furthermore, the defendant contends that the plaintiff lacks standing to assert a cause of action for a violation of § 53a-157b because this statute is part of Connecticut's penal code. CT Page 10076
In support of his motion to dismiss, the defendant only filed a memorandum of law. "[W]hen a motion to dismiss does not seek to introduce facts outside of the record it is equivalent to our former motion to erase and admits all well pleaded facts, the complaint being construed most favorably to the plaintiff."American Laundry Machinery, Inc. v. State, 190 Conn. 212, 217,459 A.2d 1031 (1983). "A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v.Water Pollution Control Authority, 195 Conn. 682, 687,490 A.2d 509 (1985). "Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it." (Citations omitted; internal quotation marks omitted.) Lewis v. Gaming Policy Board, 224 Conn. 693, 698,620 A.2d 780 (1993). "The Superior Court lacks subject matter jurisdiction only if it has no competence to entertain the action. . . ." Bridgeport v. Debek, 210 Conn. 175, 180,554 A.2d 728 (1989).
General Statutes § 51-164s provides in part that "[t]he superior court shall be the sole court of original jurisdiction for all causes of action, except such actions over which the courts of probate have original jurisdiction, as provided by statute." Section 52-568 provides a cause of action that may be prosecuted in the superior court against any person who "commences and prosecutes any civil action or complaint against another . . . without probable cause . . . or . . . without probable cause, and with a malicious intent unjustly to vex and trouble such other person. . . ." Since the plaintiff alleges a cause of action against the defendant under § 52-568, the court possesses subject matter jurisdiction over the plaintiff's case. The defendant's arguments contending that the plaintiff has failed to allege and prove all of the requisite elements of §52-568 are arguments testing the legal sufficiency of the allegations in the complaint and the plaintiff's claim. These arguments are more properly brought by a motion to strike and a motion for summary judgment. Novametrix Medical Systems, Inc. v.BOC Group. Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992); Mac'sCar City, Inc. v. American National Bank, 205 Conn. 255, 261,532 A.2d 1302 (1987).
The defendant also argues that the plaintiff lacks standing to bring a cause of action under § 53a-157b because this statute is part of Connecticut's penal code. Alleged violations of criminal statutes, however, may be used to support a civil cause of action. See State v. Leary, 217 Conn. 404, 587 A.2d 85
CT Page 10077 (1991) (holding that a violation of a criminal statute could provide the basis of a CUTPA claim); Yale New Haven Hospital,Inc. v. Mitchell, Superior Court, judicial district of New Haven, Docket No. 356995 (June 22, 1995, Hadden, J.,14 Conn. L. Rptr. 265, 267-68). The alleged violation of § 53a-157b is contained within the same count alleging the claim for vexatious litigation. The plaintiff's complaint, when read in the manner most favorable to the plaintiff, merely sets forth a cause of action for vexatious litigation supported by an alleged violation of § 53a-157b. Accordingly, since the plaintiff is not bringing a cause of action for a mere violation of a criminal statute, but, rather, is bringing a cause of action for vexatious litigation based on, among other allegations, a violation of § 53a-157b, the court will not dismiss the action because the plaintiff lacks standing.
For the foregoing reasons, the court denies the defendant's motion to dismiss.
Stodolink, J.