[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM ON RENEWED MOTION FOR SUMMARY JUDGMENT #111
The plaintiff, Marina Associates, filed a complaint against the defendant, Anthony Julian Railroad Construction Company, on October 3, 1997 alleging that the defendant defaulted on payments owed to the plaintiff. The plaintiff alleged the following facts. On January 1, 1990, the defendant gave Donald Julian a promissory note for $851,000. On May 11, 1992, Donald Julian assigned his interest in the note to Angela Julian. Angela Julian made a partial assignment of the note to the plaintiff in the amount of $49,218.00 on March 31, 1995. In accordance with the terms of the assignment, the defendant made monthly payments in the amount of $1,000 to the plaintiff until June of 1997, for a total of $28,000. In order to satisfy the terms of the assignment, the plaintiff was to receive 36 payments "without interruption, interference or delay of any nature by the assignor, obligor or any other entity or person. . . ." The defendant was notified of default and demand for payment.
The court, Stodolink, J., denied the defendant's motion for summary judgment because the defendant failed to fulfill its burden of showing the absence of any genuine issue of material fact. See Marina Associates v. The Anthony Julian RailroadConstruction Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348272 (June 1, 1998, Stodolink, J.). The court noted that although the defendant insists that its obligations under the promissory note for $851,000 were fulfilled on July 1, 1997 due to the modification of the promissory note by the defendant and Donald Julian in 1992, the defendant failed to provide any documentation regarding that modification. Id.
On June 26, 1998, the defendant filed a renewed motion for summary judgment with documents[1] to evidence the purported modification and a memorandum in support of the motion. The plaintiff also filed a motion for summary judgment dated July 2, 1998 with a memorandum and other documents[2] in support of the motion.
"[I]t is within the trial court's discretion to consider a renewed motion for summary judgment that has previously been denied where, as here, additional or new evidence has been submitted which was not before the court in ruling upon the CT Page 10648 earlier motion for summary judgment." Mac's Car City, Inc.v. American National Bank, 205 Conn. 255, 262, 532 A.2d 1302
(1987). "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. . . ." Maffucci v. Royal Park Limited Partnership,243 Conn. 552, 554-55, ___ A.2d ___ (1998).
Barbara Hragyil, the defendant's secretary, and Raymond Julian, the defendant's president, attest that the note owed by the defendant to Donald Julian was paid in full on July 1, 1997. The defendant insists that it is no longer indebted to either Donald or Angela Julian. Barbara Hragyil and Raymond Julian further attest that the promissory note was modified due to a payment by the defendant to Westport Bank Trust Co. dated May 8, 1992. The defendant notes that the partial assignment is silent as to the defendant's liability for the indebtedness to the plaintiff and therefore insists that the plaintiff's failure to protect itself in the event of prepayment of the promissory note is not the responsibility of the defendant. Barbara Hragyil and Raymond Julian aver that the defendant made no payments to the plaintiff on behalf of Donald Julian. In addition, the defendant has submitted a copy of an amortization schedule in support of the renewed motion for summary judgment which indicates that on July 1, 1997, the defendant had fully paid the debt owed to Donald Julian.
Conversely, Thomas Kanasky, the plaintiff's trustee, attests that the defendant made 28 payments to him for the interest in the promissory note assigned to the plaintiff by Angela Julian.[3] The plaintiff insists that the partial assignment CT Page 10649 required the defendant to make 36 monthly payments of $1,000 to Thomas Kanasky and that the defendant received notice of the assignment as evidenced by the executed receipt.[4] Therefore, the plaintiff asserts that the defendant remains liable to pay the full amount of the assignment less any payments.
"In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather, to determine whether any such issues exist." Dubinsky v. CiticorpMortgage, Inc., 48 Conn. App. 52, 55, ___ A.2d ___, cert. denied,244 Conn. 926, ___ A.2d ___ (1998). "A `material fact' is a fact that will make a difference in the result of the case." Beebe v.Town of East Haddam, 48 Conn. App. 60, 64, ___ A.2d ___ (1998). See Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). The conflicting documents submitted by the parties evidence an issue of material fact as to the defendant's liability to the plaintiff under the partial assignment of the promissory note from Angela Julian to the plaintiff. For example, the checks made payable to the plaintiff's trustee and signed by the defendant's secretary with a notation on each regarding Marina Associates and/or Donald Julian raise an issue as to whether the defendant paid the plaintiff on Donald Julian's behalf. Further, the amortization schedule attached to the defendant's renewed motion for summary judgment raises an issue as to whether the debt owed to Donald Julian had been fully paid on July 1, 1997.
For the foregoing reasons, the defendant's renewed motion for summary judgment and the plaintiff's motion for summary judgment are denied.
STODOLINK, JUDGE