[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' RENEWED MOTION FOR SUMMARY JUDGMENT
The Renewed Motion for Summary Judgment filed in this case is the vehicle by which defendant Heidi Smith seeks to be discharged from the claim of plaintiff Deborah Chisholm that the former was part of a financial scheme which resulted in unnecessary financial losses and in the forced sale of her home to avoid financial ruin. Specifically, the plaintiff alleges that defendant Mutual Mortgage Services, Inc., and defendant Alliance Funding arranged the refinancing of her home in such a way that the financial terms thereof were harmful to her. It is also alleged that Heidi Smith joined these defendants in their financial misdeeds.
Plaintiff Deborah Chisholm alleges further that under the terms of the refinancing she was persuaded by Paul Smith, the former president of defendant Mutual Mortgage Services, Inc. to place with him the net proceeds of the refinancing so that he through Mutual Mortgage Services, Inc. would make the mortgage payments to Alliance Funding and also pay her real estate taxes. She further alleges that after Paul Smith's death, Heidi Smith, his daughter, started paying her mortgage and taxes until she was informed that her funds had been depleted. It was then that under the threat of foreclosure by Alliance Funding she was forced to sell her home.
Defendant Heidi Smith maintains that she is innocent of any alleged wrongdoing. She contends that although she was an officer of and worked as a staff support person at Mutual Mortgage Services, Inc. it was her father's business, and that she signed checks approved by him. Heidi Smith asserts that she was not involved in and knows nothing about the refinance closing on the plaintiff's property. Heidi Smith further asserts that after her father's death on August 9, 1997, it became her responsibility to wind up the affairs of Mutual Mortgage Services, and that in this regard she issued checks on the property to Alliance Funding because there was a history of such payments, although she found no account for the refinancing.
The filing of the Renewed Motion for Summary Judgment sub judice
follows rulings denying two previous motions for summary judgment. On May 31, 2000, the Court (Levin, J.) denied, without prejudice, Heidi Smith's first motion which is dated May 4, 2000. Heidi Smith attached to her CT Page 1160 first motion her affidavit of May 3, 2000, in which she avers that she was not involved in the refinancing of the plaintiff's home; that she has no knowledge of the terms of the refinancing nor why money was being held by Mutual Mortgage; and that as an officer of Mutual Mortgage her only responsibility prior to her father's death was to sign corporate minutes prepared by the corporate attorney. Also attached to the motion is an excerpt of deposition testimony of plaintiff Deborah Chisholm. In his written decision Judge Levin wrote that "this court denies the motion for summary judgment without prejudice to its renewal on the submission of a supplemental affidavit by Heidi Smith flushing out the details of this fiasco and stating, inter alia, if she can do so under oath what her involvement was before her father's death and whether she received the proceeds of the plaintiff's mortgage refinancing or herself took those proceeds."
On June 29, 2000 Heidi Smith filed a Motion for Reconsideration accompanied by her affidavit, dated June 15, 2000. In this affidavit Heidi Smith basically attests that after her father died plaintiff Deborah Chisholm contacted her claiming that Mutual Mortgage owed her money. Heidi Smith further attests that after investigation she found no account for the plaintiff but made further mortgage payments because she found a history of such payments. Heidi Smith states under oath that she never had access to the plaintiff's money and that she did not steal it. As stated earlier, Heidi Smith also attests that it became her responsibility after her father's death to wind up the affairs of Mutual Mortgage which closed with many debts and no assets.
Citing Mac's Car City Inc. v. American National Bank, 205 Conn. 255,258-62 (1987) Judge Levin on July 11, 2000, issued a ruling on Heidi Smith's Motion for Reconsideration, denying it "without prejudice to renew Motion for Summary Judgment." In Mac's Car City, Inc. v. AmericanNational Bank, the Supreme Court held that" it is within the trial court's discretion to consider a renewed motion for summary judgment that has previously been denied where . . . additional or new evidence has been submitted which was not before the court in ruling upon the earlier motion for summary judgment." Id. 262.
The Renewed Motion for Summary Judgment sub judice was filed by Heidi Smith on August 4, 2000. The renewed motion claims that there are no material issues of fact and that she is entitled to judgment as a matter of law. However, the only supporting items attached to the renewed motion is a copy of the two affidavits which she previously submitted to and which have been considered by the court; namely, the one dated May 3, 2000, and the one dated June 15, 2000. Clearly these affidavits do not fit the category of "additional or new evidence" as called for in Mac'sCar City, Inc, supra. It would appear that the submission of these CT Page 1161 previously considered affidavits would be sufficient justification for denying the motion for summary judgment with prejudice.
However, another reason also supports a denial of this motion; namely, that the plaintiff should have the opportunity in this type of case — one predicated upon a claim of theft, deceit and lying — to have a trier of fact judge the demeanor and determine the credibility of Heidi Smith whom the plaintiff claims is a principal defendant and a principal witness in this case. This court finds that the pleadings and deposition testimony of the plaintiff and defendant Heidi Smith put into issue the latter's knowledge and motives. This court does not purport to determine whether or not the plaintiff's claims against defendant Heidi Smith are or are not valid; nor does this court on this motion undertake to decide whom to believe. This court concludes only that this issue must be decided by the trier of fact.
In this regard this court is following the direction established by our Supreme Court in cases of this nature.
 Where . . . the inferences which the parties seek to have drawn deal with questions of motive [and] intent . . . summary judgment procedure is particularly inappropriate. White Motor Co. v. United States, 372 U.S. 253, 259, 83 S.Ct. 696, 9 L.Ed.2d 738; United Oil Co. v. Urban Redevelopment Commission, supra, 376. "`It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given to their testimony can be appraised.' Poller v. Columbia Broadcasting System, Inc. [368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458]; Fortner Enterprises, Inc. v. United States Steel Corporation, 394 U.S. 495, 500, 89 S.Ct. 1252, 22 L.Ed.2d 495." United Oil Co. v. Urban Redevelopment Commission, supra, 376.
 Town Bank Trust Co. v. Benson, 176 Conn. 304, 308 (1978)
For the foregoing reasons and upon the aforesaid authorities defendant Heidi Smith's Renewed Motion for Summary Judgment is denied withprejudice.
Clarance J. Jones, Judge