[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] CORRECTED MEMORANDUM OF DECISION RE: MOTION TO SUMMARY JUDGMENT #103
 FACTS
On August 20, 2001, the plaintiff, Frank L. Kuchinski, a homeowner, filed an application for discharge or reduction of a mechanic's lien filed against his property. The mechanic's lien arose out of a construction contract entered into by the parties for home renovation CT Page 3978 services. On September 17, 2001, the plaintiff filed a motion for summary judgment on his application to discharge the mechanic's lien. The defendant filed an objection to the motion for summary judgment on October 15, 2001.
 DISCUSSION
"Summary judgment procedure is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial." (Internal quotation marks omitted.) Mac's Car City, Inc. v. American National Bank, 205 Conn. 255,261, 532 A.2d 1302 (1987). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Appleton v. Board of Education, 254 Conn. 205, 209,757 A.2d 1059 (2000). "[E]ven with respect to questions of motive, intent and good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact." Wadia Enterprises, Inc. v. Hirschfeld, 224 Conn. 240, 250,618 A.2d 506 (1992).
The plaintiff argues that the defendant has violated the Home Improvement Act (HIA), (General Statutes § 20-429 (a)), by failing to include a notice of cancellation clause in the written contract. The plaintiff maintains that failure to comply with the HIA renders the mechanic's lien void and unenforceable. The plaintiff further emphasizes that he has not undertaken this defense in bad faith. In support of his motion, the plaintiff has attached a copy of the construction contract and a letter from the department of consumer protection addressing the issue of the defendant's registration.
The defendant contends that there are genuine issues of material fact with respect to its compliance with the HIA requirements. Additionally, the defendant argues that the plaintiff has acted in bad faith by not paying the remaining balance of the contract and by alleging a HIA violation. The defendant urges the court to grant it an opportunity to prove the plaintiff is repudiating the contract in bad faith.
The HIA provides, in pertinent part, "[n]o home improvement contract shall be valid or enforceable against an owner unless it: (1) is in writing, (2) is signed by the owner and the contractor, (3) contains the entire agreement between the owner and the contractor, (4) contains the date of the transaction, (5) contains the name and address of the CT Page 3979 contractor, (6) contains a notice of the owner's cancellation rights in accordance with the provision of chapter 740, (7) contains a starting date and completion date, and (8) is entered into by a registered salesman or registered contractor." General Statutes § 20-429 (a).[1]
Section 20-429 (a)(6) of the HIA sets forth the owner's cancellation notice requirements and it incorporates, by reference, the notice provisions provided by § 42-135a of the Home Solicitation Sales Act.[2]
The contract in the present case does not contain the language required by § 42-135a, therefore, the contract is not enforceable as it fails to state the cancellation rights of the buyer pursuant to § 20-429.
The defendant argues that a genuine issue of material fact exists because the plaintiff has acted in bad faith by raising a HIA violation. The defendant argues that the plaintiff's bad faith originates from his attempt to avoid payment for services performed under a contract which was created by his attorney and which he now claims is invalid based on a violation of the HIA. The plaintiff's contention that the defendant violated the HIA, however, does not, without more, constitute an act of bad faith under Connecticut case law. "This contention does not, by itself, present a claim of bad faith. There is nothing dishonest or sinister about homeowners proceeding on the assumption that there is a valid contract, enforcing its provisions, and later, in defense to a suit by the contractor, upon learning the contract is invalid, then exercising their right to repudiate it." Wadia Enterprises v. Hirshfeld, supra,224 Conn. 249.
Additionally, our Supreme Court has "stated in dictum that, in the absence of bad faith, a homeowner is privileged to repudiate a home improvement contract that violates the [HIA]." Wadia Enterprises, Inc.v. Hirshfeld, supra, 224 Conn. 247 (and cases cited therein.). "[P]roof of a homeowner's bad faith will preclude that homeowner from repudiating with impunity a home improvement contract that violates the act. We defined bad faith as involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. . . . In other words, [b]ad faith means more than mere negligence; it involves a dishonest purpose." (Brackets in original; internal quotation marks omitted.) Wadia Enterprises v.Hirshfeld, supra, 224 Conn. 247-48. In the present case, the defendant has presented no evidence that the drafters of the contract knowingly violated the HIA by intentionally omitting certain specifications required by General Statutes § 20-429. CT Page 3980
The case of Wadia Enterprises v. Hirshfeld is similar to the present case. In Wadia, the court stated, "[t]he fact that the defendants had their architect and New York attorneys draft the contract does not in and of itself indicate bad faith on the part of the defendants. There is no allegation or proof that the attorneys intentionally omitted this requirement in order to have an escape hatch. At most, the New York attorneys were negligent in failing to consult Connecticut law and to include the required clause in the contract. An honest mistake does not rise to the level of bad faith." Wadia Enterprises v. Hirshfeld, supra,224 Conn. 248-49.
The defendant must raise a genuine issue of material fact as to the plaintiff's bad faith. "Mere statements of legal conclusions or that an issue of fact does exist are not sufficient to raise the issue." UnitedOil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 377, 260 A.2d 596
(1969). "Even with respect to questions of motive, intent and good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact."Wadia Enterprises v. Hirshfeld, supra, 224 Conn. 250. In the present case, the defendant has not raised any genuine issue of material fact. The defendant did not present any evidence that rises to the level of bad faith as defined by our Supreme Court in Wadia and the cases cited therein.
 CONCLUSION
Because the contract is in violation of General Statutes § 20-429
and the defendant has not presented any evidence of the existence of a genuine issue of material fact with respect to bad faith, the plaintiff's motion for summary judgment is granted.
___________________ GALLAGHER, J.