******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# NATIONAL BANK TRUST *v.* ILYA YUROV ET AL.
## (AC 44329)

Cradle, Clark and Palmer, Js.

*Syllabus*

The plaintiff bank sought to enforce a foreign judgment against the defendant B, a shareholder of the plaintiff. The plaintiff had commenced an action in England against the defendant and various codefendants, seeking damages for moneys owed to it in connection with fraudulent loans or fraudulent transactions made by the defendant. The English court rendered judgment in favor of the plaintiff, finding that the plaintiff had suffered significant losses as a result of fraud perpetrated by the defendant and his codefendants. The plaintiff filed a certification of the foreign judgment, signed by the plaintiff's counsel, in the Superior Court pursuant to the applicable statutes (§§ 50a-33 and 52-605 (a)). The defendant filed a motion to open and either dismiss or stay the enforcement of the certified foreign judgment, arguing, inter alia, that the trial court improperly concluded that the certified judgment was a foreign judgment as defined by statute (§ 50a-31 (2)), and that the certification required by § 52-605 (a) may be signed by counsel rather than the judgment creditor. The defendant further argued that the contract between the plaintiff and the defendant required that all disputes be resolved in accordance with Russian law in Russian courts. Subsequently, the plaintiff filed an objection to the defendant's motion and attached exhibit A, an order by the English court with two schedules, which set forth transactions and monetary amounts that corresponded with the amounts set forth in the English court's judgment. The trial court denied the defendant's motion, from which the defendant appealed to this court. *Held*:

1. There was no merit to the defendant's claim that the trial court erred in concluding that the certified judgment was a foreign judgment as defined by § 50a-31 (2) because it did not grant the recovery of a sum of money: the plaintiff's claim against the defendant arose from financial losses that it suffered as a result of the defendant's fraudulent conduct, and the judgment of the English court was replete with references to and findings of those losses; moreover, although the defendant argued that the court improperly relied on exhibit A to support its conclusion that the certified judgment provided for a sum of money because it was not part of the English judgment, exhibit A was a part of the English judgment, and, therefore, this court was bound to consider that judgment in its entirety; furthermore, the defendant failed to challenge the authenticity of either the document that originally was filed by the plaintiff or exhibit A that was submitted with the plaintiff's opposition to the defendant's motion to open.

2. The defendant could not prevail on his claim that the trial court erred in holding that the plaintiff's counsel could sign the certification pursuant to § 52-605 (a): the defendant's argument that the applicable provisions (§§ 8-1 (3) and 8-2 (a)) of the Connecticut Code of Evidence require certification to be made by one with personal knowledge, and, therefore, the certification signed by the plaintiff's counsel who was not involved in the English proceedings was inadmissible hearsay was unavailing; moreover, the defendant did not provide authority that §§ 8-1 (3) and 8-2 (a) of the Connecticut Code of Evidence pertain to such certifications; furthermore, to the extent that the defendant's objection to the certification was evidentiary, even if the signature of the plaintiff's counsel rendered the English judgment inadmissible hearsay, the defendant's acknowledgment that he was not challenging the authenticity of the judgment rendered any evidentiary impairment harmless.

3. The defendant could not prevail on his claim that the trial court erred in denying his motion to open the judgment when the contract required that all disputes be resolved in accordance with Russian law in Russian courts: the defendant, having failed to brief his argument that the trial court failed to exercise its discretion in determining whether it would consider his claim that the underlying matter should have been heard

in Russia and having raised it for the first time at oral argument, it was considered abandoned; moreover, the trial court considered the defendant's argument, concluding that, because the defendant failed to challenge the English court's jurisdiction over him during that proceeding, he had waived his right to challenge it; furthermore, because the trial court properly considered and rejected the defendant's personal jurisdiction argument, the record did not support the defendant's claim that it failed to exercise its discretion.

Argued November 29, 2021—officially released February 22, 2022

*Procedural History*

Action to enforce a foreign judgment, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Lynch, J.*, denied the defendant Sergey Belyaev's motion to open and dismiss or stay the enforcement of the certified foreign judgment, from which the defendant Sergey Belyaev appealed to this court. *Affirmed.*

*Jeffrey Hellman*, for the appellant (defendant Sergey Belyaev).

*Joshua W. Cohen* and *Andrew M. Ammirati*, for the appellee (plaintiff).

*Opinion*

CRADLE, J. In this action stemming from the alleged fraud against the plaintiff, National Bank Trust, by the defendant Sergey Belyaev,[1] the defendant appeals from the denial of his motion to open and dismiss or stay the enforcement of a certified foreign judgment filed by the plaintiff. On appeal, the defendant claims that the trial court improperly (1) concluded that the certified judgment was a foreign judgment as defined by General Statutes § 50a-31 (2) because it did not grant the recovery of a sum of money; (2) concluded that the certification required by General Statutes § 52-605 (a) may be signed by counsel rather than the judgment creditor; and (3) refused to open the judgment when the contract between the plaintiff and the defendant required that all disputes be resolved in accordance with Russian law in Russian courts. We affirm the judgment of the trial court.

The following procedural history is relevant to the resolution of the defendant's claims on appeal. On January 23, 2020, the Commercial Court of the Queen's Bench Division of the High Court of Justice of England and Wales (UK court) issued a judgment in favor of the plaintiff, finding that the plaintiff had suffered significant financial losses as a result of fraud perpetrated by the defendant and certain of his codefendants.[2] On June 30, 2020, the plaintiff filed a certification of the judgment in the Superior Court pursuant to General Statutes §§ 50a-33 and 52-605 (a).[3] In the certification, which was signed by counsel for the plaintiff, the plaintiff alleged that the judgment had not been satisfied, that the enforcement of the judgment had not been stayed, and that the approximate amount due to the plaintiff, as of June 12, 2020, was $900 million. The certification also alleged that the defendant owns property located at 85 Bishop Lane in Avon.

On August 17, 2020, the defendant filed a motion to open and either dismiss or stay the enforcement of the certified judgment on the grounds that the foreign judgment was not entitled recognition because (1) it was not a judgment of a "foreign state granting or denying recovery of a sum of money" as required by § 50a-31 (2); (2) it was not a "final and conclusive" judgment under § 50a-32 because it was "in the process of being appealed"; (3) the certification was signed by counsel for the plaintiff, rather than the judgment creditor, as required by §§ 50a-33 and 52-605; (4) the defendant was entitled to a stay of the enforcement of the judgment because he was in the process of appealing it; and (5) the UK court did not have personal jurisdiction over the defendant. On September 29, 2020, the court summarily denied the defendant's motion. This appeal followed.

On November 2, 2020, the defendant filed a motion for articulation of the court's denial of his motion, fol-

lowed by an amended motion for articulation filed on November 3, 2020. On November 23, 2020, the court filed an articulation of its denial of the defendant's motion. In its articulation, the court indicated that it had considered and rejected all of the arguments raised by the defendant in his motion to open and either dismiss or stay the enforcement of the certified judgment. The court held that the certified judgment was a final and conclusive foreign judgment that granted the recovery of a sum of money, that the plaintiff's counsel was not prohibited from signing the certification of that judgment, that the defendant had waived the issue of personal jurisdiction when he appeared before the UK court, that the defendant did not dispute receiving a copy of the filed certification, and that there was no appeal pending of the certified judgment.

On appeal, the defendant claims that the court erred (1) in concluding that the certified judgment was a foreign judgment as defined by § 50a-31 (2) because it did not grant the recovery of a sum of money; (2) in holding that the plaintiff's counsel could sign the certification under § 52-605 (a); and (3) in denying the motion to open the judgment when the contract required that all disputes be resolved in accordance with Russian law in Russian courts.[4] We address each claim in turn.

I

The defendant first claims that the court erred in concluding that the certified judgment was a foreign judgment under § 50a-31 (2) because it is not a judgment "granting or denying recovery of a sum of money."[5] We disagree.

In order to address the defendant's claim, we must construe the judgment of the UK court. "Because [t]he construction of a judgment is a question of law for the court . . . our review of the . . . claim is plenary. As a general rule, judgments are to be construed in the same fashion as other written instruments. . . . The determinative factor is the intention of the court as gathered from all parts of the judgment. . . . The interpretation of a judgment may involve the circumstances surrounding the making of the judgment. . . . Effect must be given to that which is clearly implied as well as to that which is expressed. . . . The judgment should admit of a consistent construction as a whole." (Internal quotation marks omitted.) *Anketell* v. *Kulldorff*, 207 Conn. App. 807, 821, 263 A.3d 972, cert. denied, 340 Conn. 905, 263 A.3d 821 (2021).

In rejecting the defendant's claim that the UK judgment was not a judgment granting or denying the recovery of a sum of money, the trial court reasoned, inter alia: "[T]he UK court issued the certified judgment finding that the [defendant] caused specific monetary losses to the plaintiff and that the plaintiff was entitled to recover those losses from the [defendant]. The [defen-

dant's] contention that no sum of money was awarded [is] without merit and [flies] in the face of the lengthy certified judgment itself. . . .

"The [defendant] conceded that the certified judgment, which was hundreds of pages long, was described by the UK court as a judgment. The UK court found that the [defendant's] actions caused the plaintiff's financial collapse. The UK court set forth specific dollar amounts that the [defendant] and the two others were responsible for and the reasoning for its decision. The amounts set forth in its decision specifically corresponded with the amounts set forth in the exhibit A attached to [the] plaintiff's opposition. See certified judgment, ¶¶ 1, 1213, 1235, 1460, 1493, 1522, 1544, 1587, 1650, 1651, 1652, 1655, 1656, 1699, 1710, 1726, 1729, 1735, 1743, 1777, 1801, 1867, 1868, 1891 and 1892. It is readily apparent that in the certified judgment, the UK court awarded a sum of money to the plaintiff. . . .

"In the plaintiff's opposition, the plaintiff attached as exhibit A, a two page order dated January 23, 2020,[6] with two schedules setting forth transactions and monetary amounts. The UK court also noted in this order that other issues, such as pre[judgment] and postjudgment interest, would be determined later. (Exhibit A to plaintiff's opposition ¶ 3.). . . .

"The [defendant] stated that exhibit A, 'may be a valid judgment' but then argued that this matter should be dismissed, stayed or the judgment opened. The [defendant] argued that because the plaintiff provided this court with exhibit A in September, 2020, the certified judgment which was filed in June, 2020, was fatally flawed. This court disagrees. The certified judgment is a judgment granting the plaintiff a recovery of a sum of money. Indeed the monetary amounts set forth in the certified judgment mirror the amounts set forth in exhibit A, which the judgment debtor acknowledges may be a valid judgment." (Footnote omitted.) The court concluded: "A review of the 570 page certified judgment filed in this case shows that it is a judgment awarding the plaintiff a sum of money."

On the basis of the foregoing, the trial court concluded that the judgment of the UK court was a judgment granting the recovery of a sum of money in accordance with § 50a-31 (2). We agree. The plaintiff's claim against the defendant arose from financial losses that it suffered as a result of the defendant's fraudulent conduct, and the judgment of the UK court is replete with references to and findings of those losses, some of which the trial court aptly cited in its articulation. The defendant argues that the UK judgment does not satisfy § 50a-31 (2) because "it does not specify the amount against [the defendant] and the amount cannot merely be mathematically calculated." He contends that, although the various sections of the judgment cited by the trial court set forth losses suffered by the plaintiff

or amounts owed to the plaintiff, they do not grant the plaintiff a "specific sum against [the defendant]." The defendant further contends that the court improperly relied on exhibit A to support its conclusion that the certified judgment provided for the recovery of a sum of money because it "was not part of the judgment and is not properly before the trial court for purposes of determining the validity of the judgment." We are not persuaded.

The defendant ignores the trial court's explicit reference to several portions of the UK judgment that initially was filed by the plaintiff. It is clear from the face of exhibit A, that it is part of the UK judgment[7] and, in construing that judgment, we are bound, as noted herein, to consider it in its entirety. The defendant has provided no authority for his contention that the plaintiff's failure to file exhibit A with its original filing precluded the trial court from considering it as part of the UK judgment. Moreover, the defendant does not challenge the authenticity of either the document that originally was filed by the plaintiff or exhibit A that was submitted with the plaintiff's opposition to the defendant's motion to open. We therefore conclude that the defendant's claim is without merit.

II

The defendant next claims that the court erred in holding that the plaintiff's counsel could sign the certification under § 52-605 (a). We disagree.

Section 52-605 (a) provides: "A judgment creditor shall file, with a certified copy of a foreign judgment, in the court in which enforcement of such judgment is sought, a certification that the judgment was not obtained by default in appearance or by confession of judgment, that it is unsatisfied in whole or in part, the amount remaining unpaid and that the enforcement of such judgment has not been stayed and setting forth the name and last-known address of the judgment debtor."

In his motion to open and either dismiss or stay the enforcement of the certified judgment, the defendant argued that § 52-605 "requires a certification signed by the judgment creditor, not its counsel, as representations of counsel are not evidence. *Despotovic* v. *Gavrilovic Holding Petrinja*, Docket No. CV-18-4086996-S, 2018 WL 6016710, *2 (Conn. Super. October 29, 2018)." In rejecting this argument, the trial court reasoned: "Here, a certified copy of the UK judgment was filed. Nothing prohibits the plaintiff's counsel from certifying that (1) the judgment was not obtained by default in appearance or confession of judgment, (2) it is unsatisfied, (3) its enforcement has not been stayed and (4) setting forth the name and last known address of the judgment debtor. Indeed, sister states have accepted counsel's certification. See *Boston College* v. *Grande*, Docket No. A-5663-06T2, 2009 WL 775101, *1 (N.J.

Super. App. Div. March 26, 2009) (accepting New Jersey attorney's certification). Moreover, Connecticut courts have accepted affidavits of counsel attesting to the authenticity of court documents. See *Mac's Car City, Inc.* v. *American National Bank*, 205 Conn. 255, 258, 532 A.2d 1302 (1987); see also *Alcon Interactive Group, LLC* v. *Gate Five, LLC*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-15-6024864-S (September 28, 2017).

"In claiming that [the] plaintiff's counsel could not certify the UK judgment, [the defendant] cited *Despotovic* v. *Gavrilovic Holding Petrinja*, [supra, 2018 WL 6016710] . . . . However, the matter before the court in *Despotovic* was different. At issue [in that case] was the plaintiff's failure to provide the court with any authority, other than the representation of the plaintiff's counsel, that the Croatian judgment was final, conclusive, and enforceable in Croatia. Here . . . English law provided this court with the authority to conclude that the certified judgment was final, conclusive, and enforceable in England. Accordingly, *Despotovic* is inapposite. The certification filed in this case by the plaintiff's counsel was proper and the judgment debtor's argument to the contrary was rejected."

On appeal, the defendant does not argue that the plaintiff's counsel was statutorily barred from signing the certification; nor does he dispute the plaintiff's compliance with the requirements of § 52-605 (a). Rather, the defendant argues that "[t]he certification by [the] plaintiff's U.S. counsel is inadmissible hearsay." He contends that "[s]ince [the] plaintiff's U.S. counsel was not involved in the UK proceedings, he has no personal knowledge of the proceedings upon which to base the certification and by definition is certifying based upon hearsay. By comparison, a factual representative of the plaintiff who was involved in the UK proceedings could actually attest to the results of the UK proceedings."

The defendant contends that the trial court's rejection of his argument "glosses over the critical evidentiary issue." He argues: "[Section] 52-605 (a) requires a certification. Connecticut Code of Evidence §§ 8-1 (3)[8] and 8-2 (a)[9] require certification to be made by one with personal knowledge. Here, the plaintiff's counsel's certification is based upon hearsay and is insufficient." (Footnotes added.) We first note that the defendant did not challenge the signature of the plaintiff's counsel on hearsay grounds before the trial court. Additionally, both §§ 8-1 (3) and 8-2 (a) of the Connecticut Code of Evidence pertain to hearsay in general; neither refer to certifications by counsel, and the defendant has provided no authority that §§ 8-1 (3) and 8-2 (a) of the Connecticut Code of Evidence pertain to such certifications. Moreover, the defendant asserts that he "is challenging who signed the certification, not the authenticity of the document." To the extent the defendant's

objection to the certification is evidentiary, even if the signature of the plaintiff's counsel rendered the UK judgment inadmissible hearsay, the defendant's acknowledgment that he is not challenging the authenticity of the judgment renders any evidentiary impairment harmless. Accordingly, the defendant cannot prevail on this claim. See *Ulanoff* v. *Becker Salon, LLC*, 208 Conn. App. 1, 14–15, 262 A.3d 863 (2021) ("even if a court has acted improperly in connection with the introduction of evidence, reversal of a judgment is not necessarily mandated because there must not only be an evidentiary [impropriety], there also must be harm" (internal quotation marks omitted)).

### III

Finally, the defendant claims that the court erred in denying the motion to open the judgment "when the contract . . . required that all disputes be resolved in accordance with Russian law in Russian courts." In addressing this argument, the trial court explained: "[T]he burden of proving that the UK lacked jurisdiction over the [defendant] was on the [defendant]. . . . If the personal jurisdictional issue was fully litigated and/or waived by the [defendant], in the foreign court, it cannot be raised in this court. . . .

"Here, the [defendant] did not dispute and could not dispute that his attorney filed an acknowledgement of service with the UK court and, although given the option to check a box contesting the UK court's jurisdiction, did not. . . . Rather, the [defendant's] attorney indicated that the [defendant] intended to defend the claim before the UK court. Because the [defendant] waived his right to contest personal jurisdiction in the UK court, he could not attack its judgment here by contesting personal jurisdiction through a belated enforcement of an arbitration clause." (Citations omitted.)

In his brief to this court, the defendant claims that the UK judgment "is not entitled to registration pursuant to General Statutes § 50a-34 (b) (5)," which provides that, "[a] foreign judgment need not be recognized if . . . [t]he proceeding in the foreign court was contrary to an agreement between the parties under which the dispute in question was to be settled otherwise than by proceedings in that court . . . ." At oral argument before this court, counsel for the defendant clarified his argument. He argued that the trial court failed to exercise its discretion in determining whether it would consider his claim that the underlying matter should have been heard in Russia.

Because the defendant did not set forth this argument in his brief to this court, and raised it for the first time at oral argument, it is not properly before us. *Rousseau* v. *Weinstein*, 204 Conn. App. 833, 855, 254 A.3d 984 (2021) ("It is well settled that claims on appeal must be adequately briefed, and cannot be raised for the first

time at oral argument before the reviewing court. . . . Claims that are inadequately briefed generally are considered abandoned." (Internal quotation marks omitted.)). Moreover, we disagree with the substance of the defendant's contention. After considering the defendant's argument, the trial court concluded that, because the defendant failed to challenge the UK court's jurisdiction over him during that proceeding, he had waived his right to challenge it here. Because the trial court properly considered and rejected the defendant's personal jurisdiction argument, the record does not support the defendant's claim that it failed to exercise its discretion.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Ilya Yurov, Nikolay Fetisov, Nataliya Yurova, Irina Belyaeva and Elena Pischulina are also named as defendants in this action, but they are not parties to this appeal. Accordingly, any reference herein to the defendant is to Sergey Belyaev only.

[2] The defendant and certain of the other defendants named in this case were shareholders of the plaintiff and also owned the companies to which they made fraudulent loans or conducted fraudulent transactions. The UK court found those defendants liable for the financial ruin of the plaintiff.

[3] General Statutes § 50a-33 provides: "Except as provided in section 50a-34, a foreign judgment meeting the requirements of section 50a-32 is conclusive between the parties to the extent that it grants or denies recovery of a sum of money. The foreign judgment is enforceable in the same manner as the judgment of a sister state which is entitled to full faith and credit."

General Statutes § 52-605 (a) provides: "A judgment creditor shall file, with a certified copy of a foreign judgment, in the court in which enforcement of such judgment is sought, a certification that the judgment was not obtained by default in appearance or by confession of judgment, that it is unsatisfied in whole or in part, the amount remaining unpaid and that the enforcement of such judgment has not been stayed and setting forth the name and last-known address of the judgment debtor."

[4] The defendant also claimed that the court improperly denied a stay of the proceedings pursuant to General Statutes § 50a-36 (a) when the court was aware that the defendant had sought leave to appeal and sought a stay in the foreign court. While this appeal was pending, the U.K. Court of Appeal, Civil Division, denied the defendant's request for permission to appeal. Accordingly, the defendant conceded at oral argument before this court that this claim is moot, and he is not pursuing it.

[5] General Statutes § 50a-31 (2) defines "[f]oreign judgment" as "any judgment of a foreign state granting or denying recovery of a sum of money, other than a judgment for taxes, a fine or other penalty or a judgment for support in matrimonial or family matters."

[6] "This is the same date as the typewritten date on the certified judgment. Exhibit A was file stamped as having been filed with the UK court on January 23, 2020. The certified judgment was dated January 23, 2020, but file stamped as filed with the UK court on February 18, 2020."

[7] Exhibit A bears the same case caption and docket number of the document originally filed by the plaintiff, and is entitled "Order," effective "[u]pon the trial of the above [referenced] action [a]nd upon the handing down of [the] judgment herein on 23 January 2020 . . . ."

[8] Connecticut Code of Evidence § 8-1 (3) provides: " 'Hearsay' means a statement, other than one made by the declarant while testifying at the proceeding, offered in evidence to establish the truth of the matter asserted."

[9] Connecticut Code of Evidence § 8-2 (a) provides: "Hearsay is inadmissible, except as provided in the Code, the General Statutes or any Practice Book rule adopted before June 18, 2014, the date on which the Supreme Court adopted the Code."