[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Crystal Lake Condominium Association, Inc., filed a complaint on April 4, 2001, against the defendants, New England Equity, Inc. (defendant), and the town of Salem (Salem), alleging the following CT Page 3536 facts.
By its declaration recorded October 7, 1988, Crystal Lake Associates Limited Partnership (CLA) created a condominium community known as Crystal Lake. CLA reserved certain development rights over certain specified areas of Crystal Lake, which could be exercised at any time but not more than seven years after the recording of the initial declaration. On May 24, 1990, the first amendment to the declaration was recorded by CLA which created additional units within the condominium community. On July 16, 1990, CLA deeded its interest in Crystal Lake to the New England Savings Bank (NESB). NESB's second amendment to the declaration, recorded on November 16, 1990, created additional units and made other changes to the declaration. Neither the first or second amendments attempted to extend the expiration date of development rights. The defendant became the successor declarant by a quitclaim deed recorded September 29, 1994, as receiver of NESB. On October 5, 1995, the defendant recorded a third amendment to the declaration which purported to extend the expiration of development rights until October 15, 1996.
The plaintiff withdrew its claim against Salem and filed a motion for summary judgment, with various documentary evidence, on June 14, 2001. The defendant filed an objection and opposition to the motion for summary judgment on October 1, 2001. On October 22, 2001, the plaintiff filed a supplemental memorandum of law with supporting exhibits.
 DISCUSSION
"The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "Summary judgment procedure is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial." (Internal quotation marks omitted.)Mac's Car City, Inc. v. American National Bank, 205 Conn. 255, 261,532 A.2d 1302 (1987). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and. that the moving party is entitled to judgment as a matter of law." Practice Book § 7-49. "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. Southern New England Telephone, 44 Conn. App. 657,663, 691 A.2d 1107 (1997).
The plaintiff argues that there are no genuine issues of material fact as to the defendant's liability and that it is entitled to judgment as a matter of law. Specifically, the plaintiff argues that the court should CT Page 3537 affirm the plaintiff as the owners in fee, as tenants in common, of the common areas of Crystal Lake because the defendant has lost its development rights.
The defendant concedes that it has lost its development rights for the condominium, but argues that genuine issues of material fact exist as to whether the plaintiff could claim title to the entire "common areas" of the condominium.[1] Specifically, the defendant argues that it owns three buildings within the perimeter of Crystal Lake, a mansion, a cape cod house and a garage (three buildings), because they were never included as part of the condominium property as evidenced by the pubic offering statements (POS), an original engineering report, and the fact that the town of Salem levied property taxes on the defendants as its predecessors, which further confirmed the ownership of the three buildings by the defendant. The defendant argues that it retains ownership of the three buildings and is therefore entitled to common law rights of support and easements over the common elements for necessary access to the property.
General Statutes § 47-220 (a) states, in pertinent part "[a] common interest community may be created pursuant to this chapter only by recording a declaration executed in the same manner as a deed and, in a cooperative, by conveying the real property subject to that declaration to the association." "Each unit owner owns an undivided fractional interest in the common elements of a common interest community." (Internal quotation marks omitted.) Arrowhead by the Lake Assn. v.Arrowhead, Superior Court, judicial district of Waterbury, Docket No. 128458 (December 22, 2000, West, J.). In addition, General Statutes § 47-226 (a) provides, in part, that "[t]he declaration shall allocate to each unit: (1) In a condominium, a fraction or percentage of undivided interest in the common elements and in the common expenses of the association, and a portion of votes in the association
In the present case, the declaration recorded October 7, 1988, states that "[t]he Common Interest Community is situated in Salem, Connecticut and is located on land described in Schedule A-1." Declaration, Article III-Description of Land, p. D-4. Schedule A-1 to the declaration states, in pertinent part, that "[a] certain parcel of land with the buildingsand improvements thereon located at the end of Horse Pond Road in the Town of Salem, County of New London, and State of Connecticut." (Emphasis added.) Declaration, Schedule A-1 to Declaration, p. D-39. The declaration on its face makes an exception to any buildings or improvements.
The form warranty deed included in the Crystal Lake POS states "conveyed together with the rights and benefits and subject to the CT Page 3538 burdens and duties of the following: . . . 7. Encroachment by three (3) buildings as shown on a Property survey prepared for Crystal Lake Associates Limited Partnership by Fransen Consultants dated March 16, 1988." (Defendant's Exhibit E). The defendant, however, has failed to provide the court with a readable copy of the survey map to evidence its claim that the POS has excluded the three buildings from the "common areas" of the condominium. The defendant merely provides the court with a minuscule copy of the survey map which the court cannot read. The plaintiff, by contrast, provides the court with a certified copy of the survey map in its original size and scale. On this copy of the survey map, it is clear that the three buildings are located within the boundaries of the condominium's "common areas" bearing the street address of 115 Horse Pond Road (presumably the cottage), 116 Horse Pond Road (presumably the cape cod house), and the word "garage" in the smallest of the three buildings. There are three areas specified as encroachments on the map but they are located elsewhere in the condominium areas and are unconnected with the three buildings. These encroachments are the only encroachments identified on the survey map of Crystal Lake.
The plaintiff has met its burden by submitting the survey map to show that there is no genuine issue as to the fact that the three buildings are part of the "`common areas" of the condominium. The defendant, by contrast, has submitted no adequate evidence to controvert the plaintiff's evidence. There is, therefore, no genuine issue of material fact that the three buildings are part of the condominium's common areas. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . And the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Brackets in original; citation omitted; internal quotation marks omitted.) Appleton v. Board of Education, 254 Conn. 205,209 757 A.2d 1059 (2000). "Hearsay statements are insufficient to contradict facts offered by the moving party . . . and if an affidavit contains inadmissible evidence it will be disregarded. (Citations omitted.) 2830 Whitney Avenue v. Heritage Canal Development,33 Conn. App. 563, 568-69, 636 A.2d 1377 (1994).
The fact that the town of Salem levied property taxes on the defendant or its predecessors do not support the defendant's argument that it owns the three buildings. General Statutes § 47-204 states, in pertinent part, "any portion of the common elements for which the declarant has reserved any development rights shall be separately taxed and assessed against the declarant, and the declarant alone is responsible for payment of these taxes." Therefore, the defendant was properly taxed for the time during which it had development rights in Crystal Lake. Furthermore, the CT Page 3539 town of Salem eventually withdrew its tax foreclosure action it had filed against the defendant and refunded that portion of taxes the defendant paid after its development rights had expired.
The declaration identifies the property as including all buildings and improvements, therefore, the three buildings were intended to be components of Crystal Lake. Furthermore, the defendant has not met its burden of raising a genuine issue of material fact to support its claim that the declaration or POS excludes the three buildings from the common areas" of the condominium. Finally, it is undisputed that defendant has lost its development rights. Consequently, the defendant does not have a property interest in Crystal Lake. Therefore, the members of the plaintiff association are owners in fee, as tenants in common, of the common areas of Crystal Lake.
The plaintiff's motion for summary judgment as to title to the common areas of the condominium property is granted.
Martin, J.