[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
CT Page 4396
In their two-count Complaint, the plaintiffs who are engaged in the sale and, in some cases, installation of truck equipment, allege that the defendants, Jacobs Vehicle Equipment Company and Jacobs Vehicle Systems, Inc. ("Jacobs"), a manufacturer and seller of diesel truck parts and accessories, violated various state franchise laws including the Connecticut Franchise Act (CFA), Connecticut General Statutes § 42-133 (e) et seq., and the franchise laws of various states including Arkansas, California, Delaware, Hawaii, Indiana, Illinois, New Jersey and Virginia (First Count). In their Second Count, plaintiffs allege that the termination of the agreements plaintiffs had with the defendants was a violation of CUTPA because of the CFA franchise violation and because of the misrepresentations made by the defendants. Plaintiffs, who had long-term agreements with Jacobs for the distribution of its parts, were referred to in the agreements as the Jacobs Warehouse Distributors or "JWDs".
Jacobs asserts in its motion for summary judgment that the provisions of the CFA do not apply so that the First Count fails and that the CUTPA claim in the Second Count also fails because the alleged misconduct occurred outside the permitted period of the statute of limitations.
This is not the first time the defendants have raised these issues and in fact there have been two previous motions for summary judgment with respect to the CFA claim, as well as a motion to dismiss and a motion to strike both of which were denied. Plaintiffs' claim that the statute of limitations issue precludes the CUTPA claim has previously been raised and rejected.
Discussion
Before dealing with the legal issues raised by the motion itself, the court must first address plaintiffs' claim that the motion should be denied under the law of the case doctrine. Our Supreme Court recently considered this issue.
This claim is without merit. `A judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the right to reconsider the question as if he had himself made the reasonable decision . . . [O]ne judge may, in a proper case, vacate, modify, or depart from an interlocutory order or ruling of another judge in the same case, upon CT Page 4397 questions of law.'
Wagner v. Clark Equipment Co., 259 Conn. 114, 130-31 (2002), citingBreen v. Phelps, 186 Conn. 86, 98-99 (1982). In the present case, in her memorandum on the motion to dismiss, Judge Peck did not make an absolute finding as to the applicability of the CFA to this case based upon the choice of law provisions of the contract. Rather, she stated that the parties' intention "with respect to the choice of law provision is a question of fact that must be explored at least during discovery and perhaps at trial." Mem., Motion to Strike, December 4, 1998, P11.
Thus, the court is not obligated to follow the previous orders entered herein and believes that the issue may again be addressed now that discovery is concluded. Mac's Car City, Inc. v. America National Bank,205 Conn. 255, 262 (1987). At this stage of the proceedings, with discovery completed and the case prepared for trial, the plaintiffs have been unable to provide any credible evidence that the parties intended to be bound by the provisions of the CFA excluding the territorial restriction in that Act which limited the right to recovery to franchisees operating in the State of Connecticut or intending to operate a franchise in the State of Connecticut. Gen. Stat. § 42-133h.
A motion for summary judgment is designed to eliminate the delay and expense of litigating an issue where there was no real issue to be tried. Wilson v. New Haven, 213 Conn. 277, 279 (1989). The judgment sought on such a motion shall be rendered if the pleadings, affidavits and other proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connecticut Practice Book § 17-49. In this case it is undisputed that none of the plaintiffs operated their businesses within the State of Connecticut. The only question is whether the parties intended that only the substantive provisions of CFA be incorporated into their agreement or whether the territorial exclusions contained in CFA at § 42-133h
would also apply. The plaintiffs have been unable to show any evidence that the parties intended to adopt the substantive provisions of Connecticut law particularly with respect to CFA excluding the territorial restrictions. Nor could a trier of fact reasonably conclude that they so intended in light of the language in the most recent agreement between the plaintiffs and the defendants which expressly acknowledged that the JWDs were not franchisees of Jacobs. While this characterization may not be binding for the purpose of applying the franchise acts of various states, it certainly is inconsistent with the plaintiffs' claim that they intended that the protective provisions of the CFA should apply under the agreement.
Moreover, the identical argument made by plaintiffs in this case was CT Page 4398 rejected by Judge Nevas in the United States District Court in the case of Forbes v. Joint Medical Products Corp., 976 F. Sup. 124 (D.Conn. 1997). In Forbes, the defendants moved for summary judgment as to claims made pursuant to the CFA on the ground that the CFA was not applicable to the plaintiff because he did not maintain a place of business in the State of Connecticut. The court agreed.
 The Act prohibits franchisors from, inter alia, canceling or failing to renew a franchise agreement without good cause. See Conn. Gen. Stat. Sec. 42-133f
(a). However, the Act only applies to a franchise agreement, "the performance of which contemplates or requires the franchisee to establish or maintain a place of business in this state." Conn. Gen. Stat. Ann. Sec. 42-133h (West 1992).
 Forbes argues that the provision in the Distributor Agreement which states that Connecticut law shall apply to any disputes arising from the agreement affords him the protection of the Act. He claims that the parties included a clause stating that Connecticut law applied to potential future disputes because they specifically contemplated that the Act would apply to their franchise agreement. However, without deciding whether Forbes was actually a "franchisee" as defined by the Act, a fair reading of both the Act itself and the case law interpreting it lead the court to conclude that only franchisees who have established or maintained a place of business in Connecticut are covered by the Act.
 . . . The provision of the agreement which states that Connecticut law applies to future disputes merely governs which State's laws applies to such disputes, not whether the jurisdictional prerequisites of a specific statute have been satisfied.
Id., 126.
Accordingly, the court grants the motion for summary judgment with respect to the First Count to the extent only of determining that the provisions of the CFA are not applicable in this action and the plaintiffs are not entitled to the protection of its provisions.
Next, the court turns its attention to the Second Count. CT Page 4399
Notwithstanding the fact that the plaintiffs are not entitled to the protection of CFA, conduct of the defendants may still violate CUTPA where the defendants' actions violate the public policy of this state as expressed "within at least the penumbra of some common law, statutory, or other established concept of unfairness." (Emphasis added.) WillowSprings Condominium Association, Inc. v. Seventh BRT Development Corp.,245 Conn. 1, 43 (1998). Tallmadge Bros., Inc. v. Iroquois GasTransmission System, L.P., 252 Conn. 479, 505 (2000).
The defendants argue that plaintiffs' CUTPA claim must fail because it is based upon the public policy embodied in the CFA. They claim that a CUTPA claim based on CFA cannot stand because the plaintiffs are geographically excluded from the applicability of CFA. The cases cited by the defendants in support of this position are not directly in point, however, because the plaintiffs in those cases failed to satisfy substantive requirements rather than the geographical requirements of CFA. Moreover, the plaintiffs in this case are not relying solely upon the CFA as the basis for their CUTPA claim. Paragraph 67 of the Second Count of the Complaint alleges that "Jacobs' termination of the JWDs' distributorships offends, inter alia Connecticut's public policy of protecting franchisees from unjustified terminations as expressed in the Connecticut Franchise Act." There are also allegations in paragraph 69 of the Second Count that "Jacobs made false representations to the JWDs concerning the JWDs' future roles as Jacobs distributors."
Our Supreme Court has held that whether a party made fraudulent misrepresentations or engaged in unfair or deceptive practices is a question of fact. Tallmadge Bros., supra. Thus, the conduct alleged by the plaintiffs which is supported by the affidavits submitted is sufficient to show a triable issue of fact with respect to the alleged misrepresentations. As to the claim that the misrepresentations occurred in 1989 and any claim is thus barred by the statute of limitations, the plaintiffs maintain that Jacobs persisted in republishing the false and misleading statements of Jacobs with respect to their intentions of maintaining the JWDs.
While summary judgment may be granted where a claim is barred by the statute of limitations, Doty v. Mucci, 238 Conn. 800, 806 (1996), summary judgment is not appropriate where there is a dispute as to the material facts concerning the statute of limitations. Burns v. Hartford Hospital,192 Conn. 451, 452 (1984). Accordingly, the Court denies Jacobs' motion for summary judgment with respect to the Second Count of the Complaint.
___________________ McLachlan, J. CT Page 4400