[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On February 22, 2000, the plaintiff, Brian Orowson, a passenger injured in a motor vehicle accident, filed a single count revised complaint sounding in negligence against the defendant, Ellen Pavent, the driver of the motor vehicle in which Orowson was a passenger. Orowson alleges that Pavent was negligent in that she failed to take precautions, failed to properly control her vehicle, failed to avoid the collision and abruptly stopped at a traffic light.
On August 13, 2001, Pavent filed a motion for summary judgment with a supporting memorandum of law and documentary evidence. Orowson filed a memorandum of law in opposition to Pavent's motion for summary judgment on March 11, 2002, which memorandum was accompanied by supporting documentary evidence. Subsequently, both parties filed multiple supplemental memoranda, together with supporting documentary evidence.
Practice Book § 17-49 "provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000). Summary judgment procedure "is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial." (Internal quotation marks omitted.) Mac's Car City,Inc. v. American National Bank, 205 Conn. 255, 261, 532 A.2d 1302
(1987). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of CT Page 10485 material fact." (Citations omitted; internal quotation marks omitted.)Appleton v. Board of Education, supra.
Pavent argues that there is no genuine issue of material fact and the motion for summary judgment should be granted as a matter of law. Pavent argues that Orowson has failed to set forth any evidence demonstrating that Pavent was negligent and, therefore, Pavent is not liable for Orowson's injuries. In support of her motion, Pavent has submitted excerpts of Orowson's deposition testimony, in which Orowson states that Pavent was not negligent. In addition, Pavent has submitted her own affidavit, in which she avers that the she was stopped at a red light with her foot on the brake when another motorist collided with the rear of her vehicle. Pavent attests that the negligence of that operator, who is not a party to this action, was the cause of the accident.
Orowson argues that the motion for summary judgment should be denied because there is a genuine issue of material fact as to Pavent's negligence. Orowson has submitted excerpts of his own deposition testimony, excerpts of deposition testimony of Pavent and of Pavent's physician, and copies of Pavent's medical reports, which evidence relates to Orowson's loss of consciousness and recollection of the accident and Pavent's medical condition and driving restrictions at the time of the accident. Orowson maintains that the issue of Pavent's negligence should not be resolved by a motion for summary judgment.
It is well-established that issues of negligence should not be decided by summary judgment motions. "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v.Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984). Summary judgment is particularly "ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. . . . [T]he conclusion of negligence is necessarily one of fact. . . ." (Citations omitted; internal quotation marks omitted.) Michaud v. Gurney, 168 Conn. 431, 434, 362 A.2d 857
(1975). See also Walsh v. Town of Stonington Water Pollution Control, Superior Court, judicial district of New London, Docket No. 520132 (June 5, 1996, Hurley, J.) ("the conclusion of negligence is one of fact . . . [the] motion for summary judgment . . . should therefore be denied").
In the present case, Orowson has met his burden by utilizing the deposition testimony and medical reports to raise questions as to Pavent's operation of the motor vehicle and her medical condition and driving restrictions at the time of the accident. "In ruling on a motion for summary judgment, the court's function is not to decide issues of CT Page 10486 material fact, but rather to determine whether any such issues exist."Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). A genuine issue of material fact remains as to whether Pavent was negligent while operating her motor vehicle. Accordingly, Pavent's motion for summary judgment is denied.
D. Michael Hurley, JTR