[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendants The Hartford Dispensary, Phillip Richmond and Joseph Pow have filed a Motion for Summary Judgment on the grounds that they claim there is no genuine issue of material fact existing with regard to any of the separate counts of the complaint and that they are therefore entitled to judgment as a matter of law.
At the hearing on the Motion the defendant The Hartford Dispensary (hereafter defendant) stipulated that the individual defendants named were acting within the scope of their employment as to all matters alleged in the complaint which would result in the defendant The Hartford Dispensary being responsible for their actions or inactions. For that reason the plaintiff stipulated that the motion should be granted as to the individual defendants as to their individual liability. Accordingly, the motion as to those individual defendants is granted. A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v.New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). Summary judgment procedure "is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial." (Internal quotation marks omitted.) Mac's CarCity, Inc. v. American National Bank, 205 Conn. 255, 261, 532 A.2d 1302
(1987).
"Until 1963 . . . summary judgment procedure in Connecticut was narrowly restricted. The 1963 Practice Book, however, greatly expanded the scope of the procedure with the adoption of new rules substantially similar to the procedure provided in the federal rules." Farrell v.Farrell, 182 Conn. 34, 38, 438 A.2d 415 (1980). "As the party moving for summary judgment, the plaintiff is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1v. Insurance Co. of Pennsylvania, 231 Conn. 756, 796, 653 A.2d 122
(1995). CT Page 16302
"The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.)Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059
(2000).
"The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. Southern New England Telephone,44 Conn. App. 657, 663, 691 A.2d 1107 (1997).
A party's conclusory statements, "in the affidavit and elsewhere," may not "constitute evidence sufficient to establish the existence of disputed material facts." Gupta v. New Britain General Hospital,239 Conn. 574, 583, 687 A.2d 111 (1996).
"If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof." (Internal quotation marks omitted.) Associates Financial Services of America, Inc. v. Sorenson,46 Conn. App. 721, 732, 700 A.2d 107 (1997). When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1 v.Insurance Co. of Pennsylvania, supra, 231 Conn. 795.
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v. Rashaw, 193 Conn. 442,446, 476 A.2d 582 (1984). Summary judgment is particularly "ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. . . . [T]he conclusion of negligence is necessarily one of fact. . . ." (Internal quotation marks omitted.) Michaud v. Gurney,168 Conn. 431, 434, 362 A.2d 857 (1975). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Millerv. United Technologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995). "[A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Internal quotation marks omitted.) Id., CT Page 16303 752. "[A] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Emphasis in original; internal quotation marks omitted.) Id.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Appleton v. Board of Education, supra, 254 Conn. 209.
"A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence." (Citation omitted; internal quotation marks omitted.) United Oil Co. v. Urban DevelopmentCommission, 158 Conn. 364, 378, 260 A.2d 596 (1969). "[T]he genuine issue aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred. A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Citations omitted; internal quotation marks omitted.) Buell Industriesv. Greater New York Mutual Ins., 259 Conn. 527, 556, 791 A.2d 489
(2002). "Issue of fact encompasses not only evidentiary facts in issue but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them." (Internal quotation marks omitted.) United Oil Co. v. UrbanDevelopment Commission, supra, 158 Conn. 379.
The plaintiffs claims arise out of an employment situation in which she had been an employee of the defendant. She claims the defendant is liable to her on various grounds relating to an alleged threat from a person with whom she was required by her employment to interact and her resulting safety and the situation in her workplace, especially the defendant's response to the threats that concerned the use or threat of use of guns.
The amended complaint is divided into five counts. The first count sounds in negligence. The second count sounds in breach of contract. The third count alleges negligent misrepresentation. Count four alleges wrongful discharge. The fifth count alleges negligent infliction of emotional distress.
With regard to the first count the defendant claims there is no issue of material fact for three reasons: (1) that the claim is barred by the CT Page 16304 exclusivity of the worker's compensation act, (2) the law does not "recognize" an action by an employee against an employer sounding in negligence, and (3) if there is such a claim it is duplicative with the fourth count. The short answer to this is that Section 31-275 (1 6) (B) of the General Statutes was amended by Public Act 93-22 8 to change the definition of Personal Injury to exclude mental or emotional impairment, unless such impairment arises from a physical injury or occupational disease. The counter affidavits set forth the type of injury claimed which does not fall into the physical injury or occupational disease area. Under the circumstances found here this claim is not barred by the exclusivity of the worker's compensation act. The question of whether or not the first count and the fourth count allege alternative remedies for the same actions does not entitle the defendant to a summary judgment. As indicated above summary judgment is not generally appropriate with regard to negligence claims, therefore, the motion for summary judgment on this count is denied.
The second count sounds in contract. The defendant claims that there was no contract. The plaintiff claims that statements made during the interview process may form the basis of a contract and that the question is a question of fact for the trier, citing several cases in her brief. The court is persuaded by the plaintiffs argument on this question and the defendant has not sustained its burden. Therefor, the defendant's motion as to this count is denied.
Count three is a negligent misrepresentation claim. With respect to that claim the defendant argues that the falsity which is required as a necessary element of that claim is not present in the record presented for this motion, even taking the evidence in a light most favorable to the plaintiff. The representation made by the defendant must have been false when made. Daley v. Aetna life Casualty Co., 249 Conn. 766,793, 734 A.2d 112 (1999). Nothing in the plaintiffs counter affidavit supports a claimed issue of fact in that regard. The court agrees, therefore, with the defendant's analysis of the case and finds that the plaintiff has not provided in her counter affidavits evidence sufficient to suggest there exists a material issue of fact. For that it reason the motion for summary judgment is granted with respect to this count and judgment may enter accordingly.
The plaintiffs complaint in the fourth count is based upon a claim of wrongful termination of her employment. She claims that the conditions she enumerates in the documentation created a situation in the workplace which was objectively intolerable because the environment was permitted to be so unpleasant that a reasonable person in her shoes should have felt compelled to resign. The defendant, on the other hand, has argued CT Page 16305 that she was not terminated constructively or otherwise but resigned and also that she can not establish on the record that she was subject to an unsafe condition so severe that the court should apply the narrowly construed exception to the at-will doctrine carved out for terminations in violation of public policy. The defendant also claims that the workplace was not unsafe. Each party provides the court with appropriate affidavits and their analysis of the factual situation presented here together with their citations in support of their arguments. The court views the information about the threats dealing with the reference to a machine gun coupled with what had gone before and the extent of the investigation and the response of the defendant as clearly raising an issue of fact as to the unsafe condition. The level reaches the public policy concerns. Applying the analysis outlined above, this court finds, after considering the respective claims, that the motion for summary judgment on this count should be and is hereby denied.
The last and fifth count of the complaint relates to the plaintiffs claim of negligent infliction of emotional distress. The defendant in support of the motion claims that it is precluded by the worker's compensation act, that it did not arise out of a termination situation, and finally, that the situation does not "rise to the level" required by our courts. The defendant can not sustain its burden on these issues. The worker's compensation claim is disposed of by reference to the 1993 amendment to the Act and the plaintiffs reference to Biasetti v. City ofStamford, 250 Conn. 65. 735 A.2d 321 (1999). The plaintiffs counter affidavits as indicated above do support the constructive termination claim. This is not a frivolous claim which deserves to be disposed of summarily. The conduct and threats to which the plaintiff was subject and the defendant's response or lack of response to her safety clearly raises an issue of fact in this situation. The counter affidavits certainly create an issue of fact as to whether the plaintiff can comply with theAppleton v. Board of Education of Stonington, 254 Conn. 205, 757 A.2d 1059
(2000) requirements. The defendant's motion is therefore denied with respect to this count.
___________________ Robert C. Leuba, JTR CT Page 16306